No.   95-388

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

RANDY PEUSE,

       Plaintiff and Respondent,

  v.

JAMES R. MALKUCH and BETTY MALKUCH,
husband and wife,

       Defendants and Appellants.

FILED

FEB 22 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Seventh Judicial District,
             In and for the County of Dawson,
             The Honorable Dale Cox, Judge presiding.


COUNSEL OF RECORD:

       For Appellants:

          Richard L. Burns, Attorney at Law,
          Glendive, Montana

       For Respondent:

          Marvin L. Howe, Simonton, Howe & Schneider,
          Glendive, Montana


                 Submitted on Briefs:  January 18, 1996

                         Decided:  February 22, 1996

Filed:

Justice Charles E. Erdmann delivered the opinion of the Court.

This is an appeal from a decision of the Seventh Judicial District Court, Davison County, granting partial summary judgment in favor of respondent Randy Peuse, and denying appellants James R. Malkuch and Betty Malkuch's motion for reconsideration of summary judgment order and motion for leave to amend answer. We affirm.

The issues on appeal are as follows:

1.    Did the District Court err in granting Peuse's motion for partial summary judgment?

2.    Did the District Court err in denying the Malkuchs the opportunity to amend their answer?

                              FACTS

In March 1990 Peuse and the Malkuchs entered into an agreement to sell and purchase certain real property in Dawson County, Montana. The agreement provided for specific performance and the Malkuchs were to deliver possession and occupancy to Peuse on the closing date. The agreement also provided that if the Malkuchs' title was not merchantable and could not be made merchantable before the closing date, an additional thirty day grace period would be allowed to make the title merchantable. At the time the agreement was executed there existed an unsatisfied judgment against the Malkuchs.

The Malkuchs had enrolled this particular property in the United States Department of Agriculture's Conservation Reserve Program (CRP). The agreement provided that Peuse would receive the CRP payments but it did not address whether the property would be

2

kept in the program after the sale. After executing the agreement, the Malkuchs sought assurances that Peuse would keep the property in CRP so that the Malkuchs would not incur penalties on payments already received. Peuse refused.

The agreement's closing date was originally set for April 21, 1990. On September 24, 1990, Peuse and James Malkuch agreed to extend the closing date to January 15, 1991, in order to reduce the Malkuchs' tax burden. Betty Malkuch refused to sign the amendment for the extension of time. No other amendments to agreement were made.

The closing date of January 15, 1991, passed with no sale occurring, and on May 27, 1992, Peuse filed suit for specific performance. The Malkuchs answered, alleging that Peuse breached the agreement and thus the Malkuchs were not obligated to perform. The Malkuchs also retained the right to file an amended answer when they obtained the necessary information through discovery to fully answer Peuse's complaint.

On November 24, 1992, Peuse sent a set of interrogatories and a request for admissions to the Malkuchs' attorney. The Malkuchs complied with the discovery request but initiated no discovery efforts of their own.

On January 15, 1993, Peuse filed a motion for continuance of the pretrial conference acknowledging that the Malkuchs' original attorney had been in ill health. On March 31, 1993, the Malkuchs filed a motion continuing all proceedings because their attorney was undergoing treatment for cancer and had insufficient time to

3

prepare his case. Due to this illness, the Malkuchs' attorney withdrew from representation of the Malkuchs on December 20, 1993.

A preliminary pretrial conference was scheduled for March 1, 1994. The Malkuchs obtained new counsel immediately prior to the scheduling conference. Trial was set for October 6, 1994. On April 5, 1994, Peuse filed a motion for partial summary judgment. On April 29, the Malkuchs filed an opposition to the motion alleging two questions of fact not alleged in the Malkuchs' original answer.

On May 19, the Malkuchs filed a motion for leave to amend their answer to include two new affirmative defenses which corresponded to the new questions of fact raised in the Malkuchs' response to the summary judgment motion. The District Court granted partial summary judgment in favor of Peuse on June 9, 1994. On June 17, the Malkuchs moved the court to reconsider its order. The District Court denied both the Malkuchs' motion for leave to amend the answer and their motion to reconsider on August 9, 1994. From the District Court's orders of June 9 and August 9, 1994, the Malkuchs appeal.

## ISSUE 1

Did the District Court err in granting Peuse's motion for partial summary judgment?

In our review of a district court's grant of summary judgment, we use the same standard as that used by the court under Rule 56(c), M.R.Civ.P.--"[s]ummary judgment is proper only when no genuine issue of material fact exists and the moving party is

4

entitled to a judgment as a matter of law." Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 331-32 (citing Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214).

In Sprunk v. First Bank Western Montana Missoula (1987), 228 Mont. 168, 172, 741 P.2d 766, 768, we ruled that the moving party in a motion for summary judgment has the initial burden of establishing that there are no genuine issues of fact. If this burden is met, the party opposing the motion has the burden to show that a material factual issue does exist. In meeting that burden, the opposing party must set forth specific findings showing that there is no genuine factual issue for trial.

As the District Court noted, the agreement provided that Peuse could demand that the Malkuchs specifically perform their obligations. The court also noted that the Malkuchs admitted they failed to perform their obligations under the agreement at the time appointed for their performance, and that Peuse claimed he was ready and willing to purchase the property at all times on and between the two closing dates.

The court found that while "there is a disagreement between the parties as to whether or not Peuse agreed to keep the Malkuch property on the CRP program, there is no dispute that continuing the Malkuch property on the CRP program was not a term written into the 'Agreement to Sell and Purchase'." The court reasoned that even if Peuse had agreed to keep the property on the CRP program a breech of that term was not a material breach of the agreement

entitling the Malkuchs to terminate the agreement. The court found no material issues of fact and thus concluded the interest of justice, judicial economy, and existing law required the granting of Peuse's motion for partial summary judgment based on specific performance.

The Malkuchs assert that summary judgment was not appropriate because there were genuine issues of material fact. First, they contend they did not have merchantable title to the property pursuant to the terms of the agreement. Therefore, a question exists as to whether there was a valid agreement in existence after the closing date and grace period. Second, they contend that Betty Malkuch did not initial the extension of the closing date which creates a genuine issue of material fact regarding whether any provision extending the closing date was binding upon her. Finally, they argue that Peuse's obligation to keep the property in CRP is implicit in the agreement's reference to CRP payments and a question exists as to whether Peuse breached the agreement.

Peuse asserts that the issues of merchantable title and the extension of the agreement's closing date were not presented by the Malkuchs prior to their response to Peuse's motion for summary judgment. Therefore, Peuse contends the District Court's grant of partial summary judgment on the issues set forth by the parties at the time the summary judgment motion was filed was proper. Peuse reasons that in any event the District Court considered the Malkuchs' new defenses and concluded they were not material to an award of summary judgment based on specific performance.

Specific performance may be compelled pursuant to § 27-1-411(4), MCA, when "it has been expressly agreed in writing, between the parties to the contract, that specific performance thereof may be required by either party or that damages shall not be considered adequate relief." In Halcro v. Moon (1987), 226 Mont. 121, 125, 733 P.2d 1305, 1307, we held that summary judgment based on specific performance was appropriate when the buyer attempted to rescind on a buy/sell agreement after he discovered water problems in the house he was purchasing. We said:

"A breach which goes to only part of the consideration, is incidental and subordinate to the main purpose of the contract and may be compensated in damages does not warrant a rescission of the contract; the injured party is still bound to perform his part of the agreement, and his only remedy for the breach consists of the damages he has suffered therefrom."

Halcro, 733 P.2d at 1307 (quoting Johnson v. Meiers (1946), 118 Mont. 258, 164 P.2d 1012). In Smith v. Johnson (1990), 245 Mont. 137, 798 P.2d 106, we held that negotiations of terms beyond the buy/sell agreement do not destroy the right to seek specific performance. We concluded in that case that the sellers could seek specific performance because they were willing to conform in accordance with the provisions of the buy/sell agreement. Smith, 798 P.2d at 110.

In this instance, Peuse was willing to close on the property on the first closing date and continually thereafter. The agreement clearly had no provision requiring that the property continue in CRP. The Malkuchs' failure to perform the agreement was due to the Malkuchs' concern over the continuation of the

7

property in CRP. We agree with the District Court's reasoning that the disagreement concerning the property's participation in CRP was not material to the main purpose of the agreement and did not abrogate the remedy of specific performance. As the District Court noted in this case, the agreement to sell and purchase explicitly provided for the remedy of specific performance. Accordingly, we conclude that there were no questions of material fact, and under the facts presented in this case specific performance could be enforced as a matter of law. We therefore affirm the District Court's grant of summary judgment in favor of Peuse.

ISSUE 2

Did the District Court err in denying the Malkuchs the opportunity to amend their answer?

We review a district court's denial of a party's motion for leave to amend the pleadings to determine if the district court abused its discretion. Trout v. Bennett (1992), 252 Mont. 416, 429, 830 P.2d 81, 88. Rule 15(a), M.R.Civ.P., provides that a party may amend its pleading by leave of court and leave shall be freely given when justice so requires. An opportunity to amend a pleading is not appropriate, however, when the party opposing the amendment would incur substantial prejudice as a result of the amendment. Kearns v. McIntyre Construction Co. (1977), 173 Mont. 239, 248, 567 P.2d 433, 438.

In this case, the Malkuchs moved for leave to amend their answer after a motion for partial summary judgment on those issues had been filed. In addition, we note that the Malkuchs' request to

8

amend their answer was filed two years after the original pleadings were filed. The Malkuchs contend that their request was timely because additional defenses became apparent after discovery documents were given to the Malkuchs' new attorney. However, the discovery documents the Malkuchs refer to were the Malkuchs' answers to Peuse's request for admissions. The Malkuchs were therefore already aware of the matters "discovered" in those documents

Although the attorney who composed the original answer withdrew from the case, no evidence was presented that the attorney lacked the skills to adequately represent the Malkuchs. In fact, the Malkuchs retained his services without apparent complaint until he was forced to withdraw because of illness. The fact that the new attorney "discovered" additional defenses not contemplated by the original attorney does not excuse an inopportune request for amendments when those defenses were available to the original attorney. Otherwise

> [t]he result contended for would allow seriatim assertion of claims. Under such a process, one of the important thrusts of the rules of civil and appellate procedure-- that actions contain all related claims and parties in order that cases proceed in an orderly and expeditious manner to final judgment--would be completely undone. The detriment to parties litigant, as well as the burden such a process would place on Montana courts, cannot be overstated.

Stanford v. Rosebud County (1992), 254 Mont. 474, 477-78, 839 P.2d 93, 95.

> While the rule [15(a), M.R.Civ.P.] favors allowing amendments, a trial court is justified in denying a motion for an apparent reason "such as undue delay, bad

9

> faith or dilatory motive on the part of the movant.
> repeated failure- to cure deficiencies by amendments
> previously allowed, undue prejudice to the opposing party
> by allowance of the amendment, futility of the amendment,
> etc."

Lindeys v. Professional Consultants (1990), 244 Mont. 238, 242, 797 P.2d 920, 923 (quoting Foman v. Davis (1962), 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222, 226).

The delays in this case, although not necessarily undue, were all for the benefit of the Malkuchs. The Malkuchs were represented and there was sufficient time to make any necessary amendments prior to the time summary judgment was requested. If the amendments were allowed after the motion for summary judgment, Peuse would be unduly prejudiced since his motion was based on the original pleadings which remained unchanged for almost two years. Litigants should be allowed to change legal theories after a motion for summary judgment has been filed only in extraordinary cases. Therefore, the District Court was within its discretion in denying the Malkuchs leave to amend their answer, and we affirm the District Court's order.

We affirm.

_____
Justice

We concur:

_____

Karla M. Gray

W. William Leaphart

Justices