No. 97-047

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


EAGLE RIDGE RANCH LIMITED PARTNERSHIP,
a Montana limited partnership,

Plaintiff and Respondent,

v.

PARK COUNTY, a political subdivision of the State of
Montana, and all other persons unknown, claiming or who might
claim any right, title, estate, or interest in or lien or encumbrance
upon the real property described in this Complaint adverse to Plaintiff's
ownership or any cloud upon Plaintiff's title thereto, whether such claim
or possible claim be present or contingent,

Defendants and Appellants.



APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.



COUNSEL OF RECORD:

For Appellant:

Tara DePuy, Park County Attorney, Livingston, Montana

For Respondent:

Michael J. Lilly; Berg, Lilly, Andriolo & Tollefsen;
Bozeman, Montana



Submitted on Briefs: April 10, 1997

Decided:   June 3, 1997
Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

Eagle Ridge Ranch filed a complaint for declaratory judgment against Park County requesting that the Sixth Judicial District Court, Park County, order a road on its property be declared a private road.  The District Court granted Eagle Ridge Ranch's motion for summary judgment.  Park County appeals from an order of reconsideration of the District Court which denied its request to amend its answers to interrogatories after Eagle Ridge had filed a motion for summary judgment. We affirm.

The issue on appeal is whether the District Court erred by not allowing Park County to amend its answers to interrogatories after Eagle Ridge Ranch had filed a motion for summary judgment in reliance upon the original answers.

FACTUAL BACKGROUND

Eagle Ridge Ranch is a Montana limited partnership, owning sections 25, 26, and 35, Township 4 North, Range 9 East, P.M.M., in Park County, Montana.  A road traverses those sections.  This road is generally referred to as the South Fork of the Elk Creek Road.

On December 8, 1993, the attorney for Eagle Ridge, Michael J. Lilly, met with the Park County Commissioners to discuss the status of the road which ran across the Eagle Ridge Ranch.  During that meeting, the Commissioners maintained that the road was a county road, one having been created by petition.  Eagle Ridge maintained that it was a private road.

Following the meeting, Lilly conducted extensive research, both factual and legal, in an effort to assess the validity of the Park County Commissioners' position.  At the conclusion of the research, Lilly wrote a letter to the Commissioners on May 2, 1994, in which he provided a detailed history, including exhibits, to support his argument that the road was not created by petition.  Eagle Ridge incurred $7,478.64 in attorney fees and costs in its effort to convince the county that the road was not a county road created by petition.

On May 20, 1994, the Park County Attorney responded to the letter, maintaining that the road was in fact a county road created by petition.  Subsequently, Eagle Ridge Ranch filed a lawsuit on October 5, 1994, requesting the District Court's declaration that the road was a private road, not a county road.

Early in the litigation, Eagle Ridge propounded two interrogatories to Park County. One interrogatory requested the county to indicate whether the road was created by petition.  The County's answer to the interrogatory was in the affirmative.  The next interrogatory asked whether the County contends that the road was legally created through a means other than petition.  The County replied, "no."  After receiving the answers

to the interrogatories, Eagle Ridge filed a motion for summary judgment.

Rather than oppose the motion for summary judgment, Park County sought permission of the District Court to amend its answers to the two interrogatories. At this time, the County was apparently aware that it could not prove that the road was created by petition, and the proposed amendments would allow the County to maintain that the road was created by prescription, which was a new legal theory not previously asserted. The District Court, over Eagle Ridge's objection, allowed the County to amend its answers.

On April 19, 1996, Eagle Ridge filed a motion of reconsideration of the District Court's order allowing the County to amend its answers to interrogatories on the basis of a newly decided case issued by this Court, Peuse v. Malkuch (1996), 275 Mont. 221, 911 P.2d 1153. The District Court then issued an order of reconsideration denying Park County's original motion to amend its answers to interrogatories. In the order of reconsideration, the District Court found that Eagle Ridge went to considerable effort and expense before filing its motion for summary judgment, and that it shared its research with the County prior to initiation of this lawsuit in order to convince the County that the road was not a county road created by petition.

Park County consented to the entry of an order granting summary judgment reserving its right to appeal the District Court's order of reconsideration. The District Court entered summary judgment in favor of Eagle Ridge Ranch declaring the South Fork of Elk Creek Road to be a private road where it traverses the ranch's property. Park County appeals the District Court's order of reconsideration.

DISCUSSION

Did the District Court err by not allowing Park County to amend its answers to interrogatories after Eagle Ridge Ranch had filed a motion for summary judgment in reliance upon the original answers?

The issue presented here is one involving a district court's control of pretrial discovery. Discretionary rulings of a district court include trial administration issues, post-trial motions, and similar rulings. Montana Rail Link v. Byard (1993), 260 Mont. 331, 337, 860 P.2d 121, 125. The standard of review of discretionary trial court rulings is abuse of discretion. May v. First Nat'l Pawn Brokers, Ltd. (1995), 270 Mont. 132, 134, 890 P.2d 386, 388. This discretion is reposed in the district court because it is in the best position to supervise the day-to-day operations of the pretrial discovery process. In re Marriage of Malquist (1994), 266 Mont. 447, 453, 880 P.2d 1357, 1361.

Park County contends that the District Court's order of reconsideration should be

reversed and that it should be allowed to amend its answers. The County argues that Eagle Ridge will not be prejudiced if the County is given the opportunity to amend its answers to Interrogatories 2 and 3, despite the fact that Eagle Ridge filed a motion for summary judgment.

Eagle Ridge counters that it expended a considerable amount of time and money before litigation was filed in attempting to convince Park County that the road had not been created by petition. It was not until Eagle Ridge filed its motion for summary judgment that the county acknowledged that the road had not been created by petition.

Rule 33, M.R.Civ.P., authorizes use of interrogatories for the purpose of pretrial discovery from an adverse party. This rule is liberally construed to make all relevant facts available to parties in advance of trial, and to reduce the possibilities of surprise and unfair advantage. Wolfe v. Northern Pacific Ry. Co. (1966), 147 Mont. 29, 409 P.2d 528.

In reconsidering its order allowing Park County to amend its answers to interrogatories, the District Court relied on Peuse v. Malkuch (1996), 275 Mont. 221, 911 P.2d 1153. Peuse involved a suit for specific performance of a real estate purchase. The defendants filed their answer to the complaint, setting forth two affirmative defenses. After the plaintiff filed a motion for summary judgment, the defendants raised two questions of fact that had not been raised in their answer. As a result, the defendants filed a motion requesting leave to file an amended answer. This Court affirmed both the District Court's refusal to grant the defendant's motion to file an amended answer and the granting of plaintiff's motion for summary judgment.

In Peuse, 275 Mont. at 227, 911 P.2d at 1156, we discussed the application of Rule 15(a), M.R.Civ.P., and stated that "[a] party may amend its pleading by leave of court and leave shall be freely given when justice so requires. An opportunity to amend a pleading is not appropriate, however, when the party opposing the amendment would incur substantial prejudice as a result of the amendment." We further stated in Peuse that a court can deny a motion for an amendment for apparent reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of the amendments, etc." Peuse, 275 Mont. at 227, 911 P.2d at 1156-57. We hold that the legal conclusions in Peuse regarding amendment to pleadings is controlling in this case regarding the amendments to answers to interrogatories.

Park County argues that Eagle Ridge will not be prejudiced if the County is allowed to amend its answers to the interrogatories. It states that Eagle Ridge has failed to establish that the County had any dilatory motive in requesting to amend its answer to

requests for discovery. Also, it argues that Eagle Ridge has failed to show that it would be substantially prejudiced by the County's request to amend its answer to requests for discovery. The County asserts that the mere fact that Eagle Ridge has expended monies for attorneys should not suffice for a showing of prejudice.

Eagle Ridge maintains that it expended a considerable amount of time and money before litigation was filed in an attempt to convince Park County that the road in question had not been created by petition. Its effort was ignored by the County. After Eagle Ridge filed this litigation, the County continued to persist in its position that the road in question had been created by petition. The County finally acknowledged that the road had not been created by petition when Eagle Ridge filed its motion for summary judgment.

The County believes that Peuse is distinguishable from the facts in this litigation because in Peuse the defendants requested to amend their answer two years after the original pleadings were filed. Here, Park County does not ask to amend the original pleadings, but instead, its answer to requests for discovery. The County also asks this Court to consider the fact that it filed its request to amend five months after the original pleadings were filed.

In support of its argument, Park County cites Sikorski v. Olin and Rolin Manufacturing (1977), 174 Mont. 107, 568 P.2d 571, where this Court granted a party's motion to amend a single interrogatory answer before the start of a trial. However, the facts in Sikorski are distinguishable from the case at bar. In Sikorski, the answer that the party sought to amend did not involve a change of legal theory upon which they sought to proceed. Furthermore, the request for amendment did not follow the filing of a motion for summary judgment but was submitted before the parties went to trial.

Here, Park County has steadily maintained from the beginning that the road in question was a county road created by petition. Despite the fact that the attorney for Eagle Ridge provided the Park County Attorney's Office with the relevant documents and the applicable law necessary to evaluate Eagle Ridge's claim that the road had not been created by petition, the County did not change its position. Allowing Park County to amend its answers to the interrogatories would also allow the County to proceed in this litigation under a new legal theory. Thus, all the factual and legal research that Eagle Ridge has conducted up to this point would be rendered irrelevant.

Park County believes that it can prevail on its claim that the road was created by prescription. However, if the County believed that the road was created by prescription

and not by petition, it should have asserted this position before the filing of the summary judgment motion. Also, if the County was confused about which legal theory to proceed on, it could have argued both positions in the alternative in its answer to the complaint and in response to the interrogatories.

This Court notes that the length of time that a district court may allow a party to amend pleadings or answers to requests for discovery will vary depending upon the circumstances of each case. As we stated in Peuse, 275 Mont at 227, 911 P.2d at 1156, "[a] party may amend its pleading by leave of court and leave shall be freely given when justice so requires." Certainly the general rule is to freely allow parties to amend their pleadings and discovery responses as the facts and subsequent legal theories develop during the litigation process. It is always up to the district court's discretion, however, whether to allow such amendments.

Under the facts presented, it was well within the discretion of the District Court to refuse Park County's request to amend its interrogatory answers. In this case, Eagle Ridge went through substantial effort and expense to avoid litigation and resolve this matter outside of court. Furthermore, we note that there was sufficient time between the date Eagle Ridge filed its complaint and the date of its motion for summary judgment for the County to investigate its claims and to determine its position in this litigation.

Park County mistakenly relies on Peuse when it asserts that, because its request came a mere five months after the original pleadings were filed, the District Court should have allowed it to amend its answers to the interrogatories. The holding in Peuse was not based on the length of the time period before the party requested to amend its pleadings. In Peuse, 275 Mont. at 228, 911 P.2d at 1157, we stated that "[i]f the amendments were allowed after the motion for summary judgment, [the party opposing the amendment request] would be unduly prejudiced since his [summary judgment] motion was based on the original pleadings which remained unchanged for almost two years." Park County notified Eagle Ridge and the District Court that it believed that the road was created by petition and maintained that position until the filing of summary judgment. To allow the County to amend its answers to the interrogatories after Eagle Ridge filed for summary judgment would unduly prejudice Eagle Ridge, who spent considerable time and money in factual and legal research that it shared with the County prior to the start of this litigation. This extensive effort and expense would be wasted if

the County is allowed to proceed on a new legal theory after Eagle Ridge filed for summary judgment.

Park County believes that this is an extraordinary case and thus, it should be allowed to change its legal theory even though Eagle Ridge has filed for summary judgment. This Court did state in Peuse that litigants should be allowed to change their legal theories after a motion for summary judgment has been filed in extraordinary cases. Peuse, 275 Mont. at 228, 911 P.2d at 1157. However, the only thing that this Court finds extraordinary is that the County persisted in its position that the road was a county road created by petition even when Eagle Ridge provided them with factual and legal information to the contrary before this litigation ensued.

We affirm the District Court's order of reconsideration and the order granting summary judgment in favor of Eagle Ridge Ranch.

/S/   JIM REGNIER

We Concur:

/S/   J. A.   TURNAGE
/S/   W. WILLIAM LEAPHART
/S/   JAMES C. NELSON

Justice William E. Hunt, Sr., dissenting.

The majority declares that Peuse v. Malkuch (1996), 275 Mont. 221, 911 P.2d 1153, should apply to cases involving amendment to interrogatories as well as amendment of pleadings. I do not agree. Peuse involved the application of Rule 15(a), M.R. Civ.P., which by its terms applies only to the amendment of pleadings. To entirely transfer the rationale in Peuse so that it also applies to the amendment of interrogatories elevates the interrogatory to the same status as the pleading. Yet they are not the same thing; the pleading is the cornerstone of a partyþs case, while the interrogatory is generally only a small part of discovery. The majority may argue that when, as here, the answer to an interrogatory changes the entire complexion of a case, it is in fact akin to a pleading. The unique facts in this case, however, do not justify the declaration of a far reaching new rule that all proposed amendments to interrogatories should be subject to the same stringent requirements placed upon a proposed amendment to the pleading. For this reason, I consider the reliance of the majority on the Peuse decision to be misplaced.

Even if I were to accept that reliance, however, I do not agree that the Peuse decision supports the District Courtþs refusal to allow the amendment of the

interrogatories.  Peuse stated that granting leave to amend is not proper when the opposing party would be substantially prejudiced if the amendment were granted. Peuse, 911 P.2d at 1156.  Peuse further stated that a court may deny a motion to amend for undue delay, the movantþs bad faith or dilatory motive, repeated failure to cure deficiencies, futility, or undue prejudice to the other party.  Peuse, 911 P.2d at 1156-57 (quoting Lindeys v. Professional Consultants (1990), 244 Mont. 238, 242, 797 P.2d 920, 923).  Of this list, the majority focuses on "undue prejudice" as evinced by the time and effort Eagle Ridge Ranch incurred in rebutting the Countyþs original theory of ownership by petition.  Indeed, the majority mentions the effort and expense expended by Eagle Ranch no less than five times.  But the undisputed fact is that the vast majority of the time, expense, and research invested by Eagle Ridge Ranch was already incurred before litigation began.  Not just before the motion to amend the interrogatories; before the filing of the suit itself.  I therefore cannot see how the majority can conclude that the amendment of the interrogatories is somehow to blame for the fact that Eagle Ridge Ranch had expended time and money previously.

Lastly, I note, as did the majority, that "leave [to amend] shall be freely given when justice so requires."  In the absence of prejudice to Eagle Ridge Ranch, justice in this case requires allowing the County to amend its interrogatories to reflect the theory of prescription,  which may support its contention that it owns the road in question.  By disregarding the merits of the case in favor of disposing of it based on procedure, the District Court gave Eagle Ridge Ranch a road that  belonged, not to the attorneys who failed to correctly respond to the interrogatories, but to the people of Park County.  For these reasons, I dissent from the opinion of the majority.

/S/  WILLIAM E. HUNT, SR.


Justices Karla M. Gray and Terry N. Trieweiler join in the foregoing dissent.


/S/  KARLA M. GRAY
/S/  TERRY N. TRIEWEILER