JUSTICE HUNT
dissenting.
The majority declares that Peuse v. Malkuch (1996), 275 Mont. 221, 911 P.2d 1153, should apply to cases involving amendment to interrogatories as well as amendment of pleadings. I do not agree. Peuse involved the application of Rule 15(a), M.R.Civ.R, which by its terms applies only to the amendment of pleadings. To entirely transfer the rationale in Peuse so that it also applies to the amendment of interrogatories elevates the interrogatory to the same status as the pleading. Yet they are not the same thing; the pleading is the cornerstone of a party’s case, while the interrogatory is generally only a small part of discovery. The majority may argue that when, as here, the answer to an interrogatory changes the entire complexion of a case, it is in fact akin to a pleading. The unique facts in this case, however, do not justify the declaration of a far reaching new rule that all proposed amendments to interrogatories should be subject to the same stringent requirements placed upon a proposed amendment to *70 the pleading. For this reason, I consider the reliance of the majority on the Peuse decision to be misplaced.
Even if I were to accept that reliance, however, I do not agree that the Peuse decision supports the District Court’s refusal to allow the amendment of the interrogatories. Peuse stated that granting leave to amend is not proper when the opposing party would be substantially prejudiced if the amendment were granted. Peuse, 911 P.2d at 1156. Peuse further stated that a court may deny a motion to amend for undue delay, the movant’s bad faith or dilatory motive, repeated failure to cure deficiencies, futility, or undue prejudice to the other party. Peuse, 911 P.2d at 1156-57 (quoting Lindeys, Inc. v. Professional Consultants (1990), 244 Mont. 238, 242, 797 P.2d 920, 923). Of this list, the majority focuses on “undue prejudice” as evinced by the time and effort Eagle Ridge Ranch incurred in rebutting the County’s original theory of ownership by petition. Indeed, the majority mentions the effort and expense expended by Eagle Ranch no less than five times. But the undisputed fact is that the vast majority of the time, expense, and research invested by Eagle Ridge Ranch was already incurred before litigation began. Not just before the motion to amend the interrogatories; before the filing of the suit itself. I therefore cannot see how the majority can conclude that the amendment of the interrogatories is somehow to blame for the fact that Eagle Ridge Ranch had expended time and money previously.
Lastly, I note, as did the majority, that “leave [to amend] shall be freely given when justice so requires.” In the absence of prejudice to Eagle Ridge Ranch, justice in this case requires allowing the County to amend its interrogatories to reflect the theory of prescription, which may support its contention that it owns the road in question. By disregarding the merits of the case in favor of disposing of it based on procedure, the District Court gave Eagle Ridge Ranch a road that belonged, not to the attorneys who failed to correctly respond to the interrogatories, but to the people of Park County. For these reasons, I dissent from the opinion of the majority.
JUSTICES GRAY and TRIE WEILER join in the foregoing dissent.