No. 96-406

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


LINDA LEE MOORE and H. GARY MOORE,

Plaintiffs and Appellants,

v.

IMPERIAL HOTELS CORPORATION,

Defendant and Respondent.


APPEAL FROM:   District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
           The Honorable Diane G. Barz, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

Jack E. Sands, Attorney at Law; Billings, Montana

For Respondent:

John O. Mudd and Lucy T. France; Garlington,
       Lohn & Robinson; Missoula, Montana



Submitted on Briefs: July 2, 1997

Decided: October 23, 1997
Filed:


_____
Clerk


Justice Jim Regnier delivered the Opinion of the Court.

This is an appeal by Linda Lee Moore and H. Gary Moore from the Yellowstone County District Court's November 13, 1996, order requiring the Moores to post a $5,000 bond to secure payment of Imperial Hotels Corporation's costs on appeal. We reverse and remand.

The issue on appeal is whether the District Court abused its discretion in requiring the Moores to post a $5,000 bond to cover anticipated attorney fees for an appeal as an element of costs on appeal pursuant to õ 39-2-915, MCA.

### FACTUAL BACKGROUND

Linda Lee and H. Gary Moore filed a wrongful discharge claim, as well as claims involving violations of wage and hour statutes pursuant to õ 39-3-204, MCA, and õõ 39-3-404 and -405, MCA, against Imperial Hotels Corporation in the Thirteenth Judicial District Court, Yellowstone County, on November 2, 1994. On February 23, 1995, Imperial made an offer to arbitrate the case pursuant to õ 39-2-914, MCA, and the Moores refused. A jury returned a verdict in Imperial's favor on January 25, 1996. On February 7, 1996, judgment was entered and the District Court awarded Imperial attorney fees and costs totaling $41,881.33.

The Moores filed a notice of appeal on March 12, 1996. On November 12, 1996, counsel for Imperial filed a motion in the District Court requesting that the Moores be ordered to post a bond in the amount of $5,000 in order to secure costs of appeal, including anticipated attorney fees incurred in defending the appeal. Imperial served the Moores by first class mail with notice of this motion. The next day, November 13, 1996, the motion was granted by the District Court without a hearing and before the Moores filed a responsive brief. That order was appealed on December 6, 1996.

On December 17, 1996, this Court ordered that the briefing schedule and underlying appeal be stayed until the appeal concerning the District Court's bond order was resolved.

The Moores appeal from the District Court order dated November 13, 1996, requiring them to post a $5,000 bond to secure payment of Imperial's costs on appeal.

### DISCUSSION

Did the District Court abuse its discretion in requiring the Moores to post a $5,000 bond to cover anticipated attorney fees for an appeal as an element of costs on appeal pursuant to õ 39-2-915, MCA?

The issue presented here is one involving a district court's order on a post-trial motion for costs on appeal. Discretionary rulings of a district court include trial administration issues, post-trial motions, and similar issues. Eagle Ridge Ranch v. Park County (Mont. 1997), 938 P.2d 1342, 1344, 54 St. Rep. 495, 496. The standard of review of discretionary court rulings is abuse of discretion. May v. First Nat'l Pawn

Brokers, Ltd. (1995), 270 Mont. 132, 134, 890 P.2d 386, 388.

The Moores sued Imperial under the Wrongful Discharge From Employment Act. As part of the act, õ 39-2-915, MCA, provides:

Effect of rejection of offer to arbitrate. A party who makes a valid offer to arbitrate that is not accepted by the other party and who prevails in an action under this part is entitled as an element of costs to reasonable attorney fees incurred subsequent to the date of the offer.

Thus, under õ 39-2-915, MCA, if a party declines an offer to arbitrate a dispute and subsequently loses in court, the prevailing party that made the offer to arbitrate is entitled to reasonable attorney fees incurred after the offer was made.

Both the Moores and Imperial agree that Imperial made a valid offer to arbitrate, that the Moores, within their rights, declined Imperial's offer to arbitrate, and that Imperial prevailed on the action in the District Court.  However, the parties dispute whether the District Court can require the Moores to post a bond securing Imperial's anticipated attorney fees for defending the appeal as costs on appeal.

The Moores argue that the District Court's November 13, 1996, order requiring them to post a $5,000 bond to cover Imperial's anticipated attorney fees for the appeal is contrary to Rule 6, M.R.App.P., and is not authorized by õ 39-2-915, MCA.  The Moores contend that under Rule 6, the only costs allowed as "costs on appeal" are those costs specifically mentioned in Rule 33, M.R.App.P.

Imperial counters that the District Court properly required the Moores to post a $5,000 bond to insure payment of Imperial's costs on appeal.  Imperial contends that õ 39-2-915, MCA, expressly provides that attorney fees be included as an element of costs on appeal  under Rule 6.

For the reasons stated below, this Court concludes that, for the purposes of determining the amount of a bond or security under Rule 6, a district court may not include anticipated attorney fees for the defense of an appeal as part of costs on appeal. This is not to say, however, that attorney fees incurred on appeal may not ultimately be recovered by a prevailing party when allowable by law.

Rule 6, M.R.App.P., is entitled "Undertaking for costs on appeal in civil cases" and provides in relevant part:

(a) The district court may require an appellant to file a bond or provide other security in such form and amount as it finds necessary to insure payment of costs on appeal in a civil case. The provisions of Rule 8(a) apply to a surety upon a bond given pursuant to this rule.

The term "costs on appeal" is not defined under Rule 6.  However, Rule 33 defines costs on appeal in civil cases.

Rule 33, M.R.App.P., provides in relevant part:

Rule 33.  Costs in civil cases.

(a) Costs on appeal. Costs on appeal in civil cases will be taxed as provided by section 25-10-104, Montana Code Annotated, and if not

otherwise provided by the court in its decision, will automatically be awarded to the successful party against the other party. All costs on appeal shall be claimed as provided by section 25-10-503, Montana Code Annotated.

(b) Costs of briefs and appendices. The cost of printing or otherwise producing briefs and appendices shall be taxable at rates not higher than specified in Rule 23(g).

(c) Other costs taxable. Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing notice of appeal shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.

Under Rule 33, M.R.App.P, we conclude that there are two types of costs that are components of costs on appeal when a district court sets a bond under Rule 6. First, Rule 33(b) provides for the costs of printing and producing briefs and appendices. These costs are to be taxed as provided for under Rule 23(g), M.R.App.P. At the time of the Moores' appeal, Rule 23(g) stated that "reasonable costs for briefs shall be limited to $250 for appellant's brief and $200 for respondent's brief." Second, Rule 33(c) provides for the costs associated with preparing and transmitting the record, the cost of the reporter's transcript, premiums paid for supersedeas bonds or other bonds, and the fee for filing a notice of appeal. Under Rule 33, there is no provision specifically incorporating attorney fees into costs on appeal.

Imperial argues that the anticipated attorney fees for defending an appeal may be included in setting the amount of a bond under Rule 6. Imperial points out that Rule 33(a) makes specific mention that "[c]osts on appeal in civil cases will be taxed as provided by section 25-10-104." Imperial suggests that one must then refer to õ 25-10-201, MCA, for the definition of "costs." Imperial then points out that õ 25-10-201 (9), MCA, provides for allowable costs that include "such other reasonable and necessary expenses as are taxable according to the course and practice of the court or by express provision of law." The express provision of law on which Imperial bases its request for anticipated attorney fees is õ 39-2-915, MCA.

As stated above, under õ 39-2-915, MCA, a prevailing party that made an offer to arbitrate that was refused is entitled "as an element of costs to reasonable attorney fees incurred subsequent to the date of the offer." The District Court awarded Imperial attorney fees in the amount of $41,881.31. That amount represents total fees, costs and disbursements incurred from February 22, 1995, the date the offer to arbitrate was made, through January 26, 1996, the day after the verdict was rendered. These costs

awarded by the District Court are directly related to the District Court proceeding and are not disputed nor at issue in this appeal.

Imperial's motion to the District Court requested that the Moores post a $5,000 bond to insure the payment of Imperial's costs on appeal. Imperial asserts that as attorney fees are an element of costs pursuant to õ 39-2-915, MCA, the amount of the bond should include attorney fees incurred in connection with the appeal.

Imperial's motion states, "Imperial's counsel estimates the costs and fees associated with defending the appeal will be $5,000.00." Attached in support of Imperial's motion is the affidavit of John O. Mudd, Imperial's counsel. In the affidavit dated November 8, 1996, Mudd swears:

> 2. Although the plaintiffs have not filed their brief in this matter, I estimate that the time involved in analyzing the plaintiff's brief, reviewing the trial transcript, performing the necessary legal research, and writing the defendant's response brief will take approximately 40 hours. My hourly rate for this work will be $120.00, which I understand to be comparable to the hourly rate charged by counsel handling this type of litigation.

> 3. The experience of our law firm and [sic] handling appeals of this type indicates that there will be approximately $200.00 in additional costs associated with printing, preparation and filing of the defendant's brief . . . .

> 4. I therefore estimate that the total cost, exclusive of oral argument, will be $5,000.00.

In the affidavit, counsel has not stated any costs that Imperial has actually incurred in defending the appeal against the Moores. Indeed, the affidavit sets forth an estimate of the costs of appeal, including attorney fees, that Imperial might incur. Since the underlying appeal has yet to be briefed, it is impossible for the anticipatory attorney fees to be fixed with any precision. This estimate of costs cannot yet be included as costs on appeal as "reasonable attorney fees incurred subsequent to the date of the offer" pursuant to õ 39-2-915, MCA (emphasis added), because they are not costs that have been actually incurred by Imperial.

Imperial relies on two cases in its brief for the proposition that anticipated attorney fees can be included as costs on appeal by a district court when setting bond under Rule 6. In Chamberlin v. Puckett Construction (1996), 277 Mont. 198, 921 P.2d 1237, attorney fees were included in costs on appeal awarded to the prevailing party based on

contract.  Also, in Missoula High School Legal Defense Ass'n v. Superintendent of Public
Instruction (1981), 196 Mont. 106, 637 P.2d 1188, attorney fees for costs of appeal were
awarded to the prevailing party under the common fund doctrine.  In neither of these cases did the district court order, as was done here, anticipatory attorney fees to be included in the Rule 6 bond as a cost of appeal.  In fact, we remanded both cases back to the district court to conduct an evidentiary hearing to determine reasonable attorney fees on appeal.

For the reasons stated above, we conclude that the District Court abused its discretion in ordering the Moores to post a $5,000 bond based upon Imperial's motion.  Although õ 39-2-915, MCA, allows for attorney fees for the prevailing party subsequent to the date of offer to arbitrate as an element of costs, these costs must have actually been incurred.

At this time, we do not preclude Imperial the opportunity to eventually recover costs on appeal, including reasonable attorney fees for defending the appeal, if they are ultimately successful in this litigation.  In the event Imperial is successful on the underlying appeal, it will be entitled to reasonable attorney fees incurred in defending the appeal.  At that time, this matter will be remanded to the District Court to determine the amount of those fees as an element of costs on appeal .

In conclusion, we determine that the District Court abused its discretion in requiring the Moores to post a $5,000 bond to cover anticipated attorney fees as costs on appeal under  Rule 6, M.R.App.P.  We remand to the District Court for further proceedings consistent with this opinion.

/S/  JIM REGNIER

We Concur:

/S/  J. A.  TURNAGE
/S/  TERRY N. TRIEWEILER
/S/  WILLIAM E. HUNT, SR.
/S/  KARLA M. GRAY
/S/  W. WILLIAM LEAPHART
/S/  JAMES C. NELSON