No. 00-053

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 311

302 Mont. 447

14 P.3d 1252

IN THE MATTER OF INQUIRY INTO

A.W., D.G., and M.G., JR.

APPEAL FROM: District Court of the Fourteenth Judicial District,

In and for the County of Musselshell,

The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Mark L. Guenther, Nash, Guenther and Zimmer, Bozeman, Montana

Virginia Bryan, Wright, Tolliver and Guthals, Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; C. Mark Fowler,

Assistant Attorney General, Helena, Montana

John V. Potter, Jr., Meagher County Attorney; Vicki Knudson,

Acting Special Deputy, White Sulphur Springs, Montana

Submitted on Briefs: July 20, 2000

Decided: December 7, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Laurie and Michael, the parents of A.W., D.G., and M.G., Jr., appeal from an order issued by the Fourteenth Judicial District Court, Musselshell County, denying recovery of the cost of reproducing a transcript incurred on a previous appeal to this Court. We affirm.

## BACKGROUND

¶2 This is the second appeal in this case. In the original action the Department of Public Health and Human Services filed a petition for temporary investigative authority and protective services on behalf of A.W., D.G., and M.G., Jr., the minor children of Laurie and Michael. In that proceeding the District Court issued an order requiring Laurie and Michael to pay $25,243.98 in guardian ad litem fees and expenses. Laurie and Michael appealed from the order raising two issues. First, they contended that the District Court erred in requiring them to reimburse the county for guardian ad litem fees and costs incurred in the proceeding. Second, they argued that the District Court erred in determining the amount of the guardian ad litem fees and costs without an evidentiary hearing. We concluded that the District Court erred when it interpreted § 41-3-303, MCA, to require Laurie and Michael to pay for guardian ad litem services for their minor children following a petition for protective services. *In re Inquiry into A.W., D.G., and M.G., Jr.*, 1999 MT 42, 293 Mont. 358, 975 P.2d 1250.

¶3 Subsequent to remittitur Laurie and Michael filed their Memorandum of Costs seeking reimbursement of $5116.50, including $4728.50 for costs incurred in reproducing the transcript of the District Court proceedings. The State objected to the costs and on December 9, 1999, the District Court heard oral arguments as to whether the cost of the transcript was necessary to the appeal. The District Court issued its order on December 16, 1999, awarding Laurie and Michael recovery of $388 in costs but denying recovery of the cost of the transcript of $4728.50 as an unreasonable and unnecessary expense. Laurie and

Michael appeal.

## STANDARD OF REVIEW

¶4 This Court reviews a district court's award of costs and its discretionary rulings on trial administration matters under the abuse of discretion standard. *Moore v. Imperial Hotels Corp.* (1997), 285 Mont. 188, 190, 948 P.2d 211, 213. In evaluating abuse of discretion, we look to whether the district court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Groves v. Clark*, 1999 MT 117, ¶ 25, 294 Mont. 417, ¶ 25, 982 P.2d 446, ¶ 25.

## DISCUSSION

¶5 Did the District Court err in denying Laurie and Michael recovery of transcript costs incurred in their first appeal to this Court?

¶6 Laurie and Michael argue that the District Court erred in denying their recovery of transcript costs because the submission of the full transcript to this Court was required pursuant to Rule (9)(b), M.R.App.P. The State contends that the District Court did not err in denying recovery for the costs of the transcript, because, under the relevant appellate rules, the transcript was not necessary on appeal. We agree.

¶7 The question of who should bear the burden of the cost of the transcript presented for an appeal is controlled by Rule 33, M.R.App.P. Pursuant to Rule 33(a), M.R.App.P., if not otherwise provided for by the court in its decision, costs will automatically be awarded to the successful party. The language of Rule 33(c) controls the award of the costs:

> Rule 33(c) Other costs taxable. Costs incurred in the preparation and transmission of the record, *the cost of the reporter's transcript, if necessary for the determination of the appeal*, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing notice of appeal shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.

(Emphasis added.)

¶8 Laurie and Michael argue, however, that as Appellants they were compelled by a plain

reading of Rule 9(b), M.R.App.P., to order a transcript of the entire proceedings not already on file. Therefore, they contend they should be awarded their entire costs in reproducing the transcript.

¶9 Rule 33(c), M.R.App.P., clearly establishes that appeal transcript costs are recoverable only if the transcript was necessary for the determination of the appeal. Although it is true that the first paragraph of Rule 9(b) does state that the appellant shall order a transcript of the entire proceedings, the second paragraph goes on to point out that the appellant need only order so much of the transcript as is necessary considering the issues raised on appeal. Rule 9(b) then provides a detailed procedure to assure that both the appellant and respondent have the opportunity to order those parts of the transcript necessary to present the appeal. As a general rule the appellant must order the entire transcript. However, Rule 9 contains specific provisions to relieve the appellant of the burden of providing the complete transcript if it is unnecessary considering the issues raised on appeal. Although Rule 9 is the general authority that guides both appellant and respondent in the ordering, preparation, and filing of the transcript, Rule 33(c), M.R.App.P., is the specific rule that controls whether the cost of reproducing the transcript can properly be taxed as a cost. Pursuant to Rule 33(c), the cost of producing the transcript can only be taxed as a cost if it was necessary for the determination of the appeal.

¶10 Not surprisingly, Laurie and Michael next argue that preparation of the transcript was necessary to present the issues raised in their appeal. In support of their argument they refer to their appellate brief filed with this Court. As stated above they raised two issues on appeal, first, the propriety of assessing the guardian ad litem costs to them and, second, whether the District Court erred in awarding the fees without an evidentiary hearing. The District Court noted our opinion, *In re Inquiry into A.W., D.G., and M.G., Jr.*, disposed of the appeal by only addressing the first issue, whether the District Court properly assessed the fees, and that this was a purely legal issue making the transcript unnecessary.

¶11 Laurie and Michael concede in this appeal that the first issue raised was purely a question of law, but argue that the second issue on appeal required them to provide the court with a full transcript or be faced with potential dismissal. They argue that the second issue raised factual matters requiring an analysis of the trial court proceedings to determine whether the guardian ad litem's charges of $25,243.98 were reasonable and whether the District Court erred in refusing their request for an evidentiary hearing on those significant charges. The State responds that both issues were questions of law and required no transcript. The State further contends that Laurie and Michael failed to

preserve their second, arguably fact-based issue, which was then impermissibly presented to this Court. Thus, they argue, the transcript could not be necessary to an appeal of an issue which was impermissibly brought before this Court.

¶12 Both issues were framed in the first appeal as questions of law and were purely legal in nature. Although the resolution of the first issue was dispositive of our resolution of the first appeal, the second issue also involved a question of law. Whether or not the District Court should have conducted a hearing before making an award of fees is a legal question that does not require a transcript to resolve. Notwithstanding the fact that Appellants cite repeatedly to the record in an attempt to characterize this second issue as one based on the factual findings in the District Court, it boils down to the legal question of whether the trial judge erred by not requiring an evidentiary hearing.

¶13 In summary, we conclude that the District Court did not abuse its discretion in determining that the tran script was unnecessary for this appeal. Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER