JUSTICE RICE
concurring in part and dissenting in part.
¶30 I concur with the Court’s holdings on Issues One and Two, but dissent from the Court’s holding on Issue Three.
¶31 The Court in Issue Three reverses the District Court’s denial of the Ellises’ motion to amend their pleadings, which Ellises had requested 15 months after the amendment deadline, and permits them to add a new claim to the matter. I believe the Court has erred in so doing.
¶32 We review a district court’s denial of a party’s motion for leave to amend the pleadings to determine whether the district court abused its discretion. Trout v. Bennett (1992), 252 Mont. 416, 830 P.2d 81. The district court is justified in denying a motion to amend for reasons “such as undue delay.” Lindey’s v. Professional Consultants (1990), 244 Mont. 238, 242, 797 P.2d 920, 923.
¶33 The District Court noted the Ellises’ substantial delay in deciding the issue:
The defendant[s] moved to amend the pleadings more than fifteen months after the time for amendments had passed. No reason was given why the defendants could not have complied with the scheduling order or why they waited until the day that the motion for summary judgment was being heard to file their motion to amend the pleadings. The defendant[s’]motion to amend is untimely and is DENIED. [Capitalization in original.]
I find no abuse of discretion in the District Court’s denial on the grounds of untimeliness here, especially in light of the Ellises’ failure to offer any justification for the delay.
¶34 This Court has also ruled that “[a]n opportunity to amend a pleading is not appropriate... when the party opposing the amendment would incur substantial prejudice as a result of the amendment.” Peuse v. Malkuch (1996), 275 Mont. 221, 227, 911 P.2d 1153, 1156. As here, the defendants in Peuse moved to amend their pleadings after the plaintiff had moved for summary judgment. Noting the procedural posture of the case, and the defendants’ delay, this Court held:
If the amendments were allowed after the motion for summary judgment, Peuse would be unduly prejudiced since [Peuse’s] motion was based on the original pleadings which remained unchanged for almost two years. Litigants should be allowed to change legal theories after a motion for summary judgment has been filed only in extraordinary cases. Therefore, the District *11 Court was within its discretion in denying the [defendants] leave to amend their answer, and we affirm the District Court’s order.
Peuse, 275 Mont, at 228, 911 P.2d at 1157.
¶35 The same result should be reached here. Although this matter is no longer before the District Court on a summary judgment motion, Aldrich will nonetheless be unduly prejudiced by reversal of the District Court on this issue. Pursuant to the Court’s holding on Issue Two, this matter is being remanded for a recalculation of the amounts owing based upon claims which have already been litigated in the District Court and finally resolved by this Court on appeal. However, by allowing the Ellises to add a new claim and, presumably, for Aldrich to amend its pleadings to assert any defenses, the Court is re-opening the litigation, not simply to matters not settled by our decision, as it claims, but to a new claim not previously raised in the litigation. Thus, the Court is subjecting Aldrich to a claim which was previously and properly excluded from the proceedings. Re-opening the litigation for a new claim at this point, when the District Court did not abuse its discretion in previously denying the request, imposes substantial prejudice upon Aldrich.
¶36 Finding substantial prejudice to Aldrich, and no abuse of discretion that would justify reversal of the District Court’s denial of the motion to amend, I dissent from the Court’s holding on Issue Three.