FILED

December 9 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0243

DA 14-0243

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 326N

JANICE LINN,

        Plaintiff and Appellant,

  v.

D & E CONSTRUCTION, INC.,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-12-0629
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Janice Linn, M.D. (Self-Represented), Billings, Montana

      For Appellee:

          J. Reuss, Guthals, Hunnes & Reuss, P.C., Billings, Montana

Submitted on Briefs:  November 19, 2014
Decided:  December 9, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Janice Linn appeals from the District Court's order granting summary judgment to D & E Construction and denying her motion for leave to file an amended complaint. We affirm.

¶3      In 2009 Linn began the process of having a log home constructed. She contacted D & E to arrange the purchase of the logs, windows and other materials from various suppliers. The logs and materials were delivered to Linn's building site, where other persons or entities, principally Sielinsky Construction, constructed the home. After construction Linn experienced problems with water leakage, settling and other issues. In May 2012 Linn sued D & E and Sielinsky to recover for the damage to her house. Other parties were brought in as defendants.

¶4      After extensive discovery, in 2014 Linn settled her claims with all defendants except D & E, who moved for summary judgment. The District Court granted summary judgment to D & E because there was no evidence that D & E participated in the construction of the house or that it did anything to cause the structural problems that Linn

suffered. In addition, Linn failed to provide evidence, including expert opinion, that the materials furnished by D & E were improper for use in the house.

¶5 About a week before the hearing on the motion for summary judgment Linn requested leave to file a third amended complaint to realign her claims and to state a claim against D & E for negligent misrepresentation. The District Court declined to rule on the motion to amend in the summary judgment order, but noted that it had previously denied Linn's motion to file a second amended complaint. That earlier motion failed because it was proposed several months after the time set by the scheduling order for amending pleadings, and because Linn had not shown good cause or that justice required the amendment. The proposed third amendment was similarly late, coming eleven months after the date set for amending pleadings and after D & E had moved for summary judgment. In the Judgment of April 14, 2014, the District Court denied the motion to amend because it raised new claims, because it was not timely, and because it was moot in light of the summary judgment granted to D & E.

¶6 A district court has the discretion to deny a motion for leave to file an amended complaint when the motion is filed late in the litigation and there would be prejudice to the opposing party. *Peuse v. Malkuch*, 275 Mont. 221, 226-27, 911 P.2d 1153, 1156 (1996).

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. There was clearly not an abuse of discretion and the issues are controlled by settled Montana law, which the District Court properly applied.

¶8    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE