FILED

08/08/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0139

DA 17-0139

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 190

ALLY FINANCIAL, INC.

      Plaintiff and Appellee,

  v.

NAN STEVENSON,

      Defendant, Third-Party Plaintiff
      and Appellee,

  v.

BIG SKY RV, INC., DONAVON FREDERICKSON
and other unknown employees of Big Sky RV, Inc.,

      Third-Party Defendants
      and Appellants.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twelfth Judicial District, In and For the County of Chouteau, Cause No. DV-15-39 Honorable Daniel A. Boucher, Presiding Judge |

COUNSEL OF RECORD:

      For Appellants:

          John L. Wright, Halverson, Mahlen & Wright, P.C., Billings, Montana

      For Appellee Nan L. Stevenson:

          Stuart F. Lewin, Attorney at Law, Great Falls, Montana

                    Submitted on Briefs:  June 7, 2017

                              Decided:  August 8, 2017

Filed:

                          _____
                                    Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Big Sky RV, Inc., Donavon Frederickson and other unknown employees of Big Sky RV, Inc. (collectively Big Sky) appeal from the order of the Twelfth Judicial District Court, Chouteau County, denying their motion for judgment on the pleadings to dismiss and for change of venue. We affirm.

¶2    We restate the issue on appeal as follows:

*Did the District Court err in determining that it had subject matter jurisdiction in this case and that, under § 30-14-133(1), MCA, venue was proper in Chouteau County?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3    On July 31, 2014, Stevenson visited the Billings, Montana, location of Big Sky RV, Inc., a Montana corporation with its principal office registered in Bozeman, Gallatin County, Montana. Stevenson purchased a fifth wheel trailer for $72,595 at the Billings location, trading in her previous trailer, valued at $8,000. She also provided a down payment of $21,773 and financed the remainder of the purchase price through Ally Bank (Ally). In August 2014, Big Sky RV delivered the new trailer to Stevenson's home in Fort Benton, Chouteau County, Montana, picking up her trade-in trailer on the same day.

¶4    On November 4, 2015, Ally filed a Complaint for Claim and Delivery against Stevenson in the Twelfth Judicial District Court, Chouteau County, Montana, claiming that Stevenson had defaulted on her payment obligations under the loan agreement. Ally demanded payment due under the agreement or possession of the fifth wheel. On January 11, 2016, Stevenson filed a revised answer to Ally's complaint and a third-party

complaint against Big Sky, alleging damages for breach of contract, violation of the implied covenant of good faith and fair dealing, negligence, and violations of the Montana Consumer Protection Act (MCPA).

¶5 Stevenson's third-party complaint asserted that both subject matter jurisdiction and venue were proper because Ally initiated this action in Chouteau County and because Big Sky RV delivered possession of the new trailer, and picked up the trade-in trailer, in Chouteau County. On February 1, 2016, Big Sky filed a motion to dismiss Stevenson's third-party complaint for failure to state a claim. On February 10, 2016, the District Court denied Big Sky's motion for failure to file the required brief. On February 29, 2016, Big Sky filed both its answer to Stevenson's third-party complaint and a separate motion and brief for judgment on the pleadings, arguing that under § 30-14-133(1), MCA, venue was improper in Chouteau County and the court lacked subject matter jurisdiction over the MCPA claim. On February 16, 2017, the District Court denied Big Sky's motion. Big Sky filed a timely notice of appeal with this Court. We affirm.

## STANDARD OF REVIEW

¶6 We review de novo a district court's ruling on a motion to dismiss for lack of subject matter jurisdiction. *In re Estate of Big Spring*, 2011 MT 109, ¶ 20, 360 Mont. 370, 255 P.3d 121 (citation omitted). A district court must determine whether the complaint states facts that, if true, would vest the court with subject matter jurisdiction. *Big Spring*, ¶ 20 (citation omitted). This determination by a district court is a conclusion of law that we review for correctness. *Big Spring*, ¶ 20 (citation omitted).

3

¶7 The determination of whether a county represents the proper place for trial presents a question of law that involves the application of the venue statutes to pleaded facts. The Supreme Court's review of a district court's grant or denial of a motion to change venue is plenary, and the Supreme Court determines whether the district court's ruling was legally correct. *Deichl v. Savage*, 2009 MT 293, ¶ 6, 352 Mont. 282, 216 P.3d 749 (citations omitted).

## DISCUSSION

¶8 *Did the District Court err in determining that it had subject matter jurisdiction in this case and that, under § 30-14-133(1), MCA, venue was proper in Chouteau County?*

¶9 Big Sky appeals from the District Court's conclusion that it had subject matter jurisdiction in this matter and that venue was proper in Chouteau County. The court concluded that it had subject matter jurisdiction in this case because the MCPA applies to businesses operating in the state and Big Sky RV sold a product to a resident of Chouteau County, which constitutes "doing business" in Montana. The court also determined that venue was proper in Chouteau County because the defendant resides in the county and because Big Sky delivered the trailer to Chouteau County.

¶10 The MCPA provides, in pertinent part:

> A consumer who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by 30-14-103 may bring an individual . . . action under the rules of civil procedure *in the district court of the county in which the seller, lessor, or service provider resides or has its principal place of business or is doing business* to recover actual damages or $500, whichever is greater.

Section 30-14-133(1), MCA (emphasis added).

4

¶11 Big Sky argues that the District Court erred in failing to dismiss its motion for judgment on the pleadings because "[e]ither as a venue limitation or subject matter jurisdiction restriction," § 30-14-133(1), MCA, required Stevenson to bring her MCPA action where Big Sky resides, has its principal place of business, or is doing business. However, whether § 30-14-133(1), MCA, provides a limitation on subject matter jurisdiction or venue is an important distinction. This Court has previously explained the difference between jurisdiction and venue in the following way:

> This Court has long recognized the distinction between "jurisdiction" and "venue." In general terms, jurisdiction is a court's authority to hear and determine a case, and goes to the "power" of the court. Jurisdiction cannot be waived or conferred by consent of the parties where there is no basis for jurisdiction under the law.
> Venue, on the other hand, refers to the place where the case is to be heard, or where the power of the court can be exercised. Venue is a personal privilege of the defendant and, thus, may be waived.

*In re Support Obligation of McGurran*, 2002 MT 144, ¶¶ 12-13, 310 Mont. 268, 49 P.3d 626 (citations omitted).

¶12 In *McGurran*, we interpreted § 2-4-702(2)(a), MCA, of the Montana Administrative Procedure Act, which states that a petition for judicial review of an administrative decision "must be filed in the district court for the county where the petitioner *resides* or has the petitioner's *principal place of business* or where the agency *maintains its principal office*." Section 2-4-702(2)(a), MCA (emphasis added). We interpreted the statute as venue provision, rather than one conferring jurisdiction, because it "sets forth the proper place where a contested administrative decision can be heard." *McGurran*, ¶ 16. We also explained that "[v]enue provisions are not jurisdictional."

5

*McGurran*, ¶ 16 (citing § 25-2-112, MCA, which provides that "[t]he designation of a county in this part as a proper place of trial is not jurisdictional and does not prohibit the trial of any cause in any court of this state having jurisdiction."). Like the statute considered in *McGurran*, § 30-14-133(1), MCA, merely sets forth the proper place where an MCPA claim can be heard, and does not involve a district court's power to hear and dispose of a case. As such, we conclude that § 30-14-133(1), MCA, is a venue provision. Given that the statute does not confer jurisdiction, we further conclude that the District Court did not err in concluding that it had subject matter jurisdiction in this case.[1] *See Dewey v. Stringer*, 2014 MT 136, ¶ 16, 375 Mont. 176, 325 P.3d 1236 (stating that "[w]e will not reverse a district court when it reaches the right result, even if it reached that result for the wrong reason.").

¶13 We must now determine whether venue was proper in Chouteau County. Big Sky argues that the District Court erred in denying its motion for change of venue because the single trailer delivery to Chouteau County is insufficient to confer venue under § 30-14-133(1), MCA. Big Sky contends that this Court has a well-established definition of "doing business" in this context, which requires a Montana corporation to engage in a "continuity of conduct" and more than "two isolated transactions." We have held that

---

[1] Pursuant to Article VII, Section 4, Subsection 1 of the Montana Constitution, "The district court has original jurisdiction in . . . all civil matters and cases at law and in equity." *See also* § 3-5-302(1)(b)-(c), MCA. Accordingly, because the MCPA's statutory provisions do not limit subject matter jurisdiction, jurisdiction is proper in the Twelfth Judicial District Court, Chouteau County. *See* § 30-14-133(1), MCA (stating that a "consumer . . . may bring an individual . . . action under the rules of civil procedure," without limiting the general subject matter jurisdiction of Montana's district courts); *compare, e.g.*, § 3-7-501(1), MCA ("The jurisdiction of each judicial district concerning the determination and interpretation of cases certified to the court under 85-2-309 or of existing water rights is exercised exclusively by it through the water division or water divisions that contain the judicial district wholly or partly.").

6

"isolated transactions, whereby a *foreign corporation* sells goods or other manufactured products on sample or specifications, the same being fabricated in *another state* and shipped into this state by such corporation for use or installation, does not constitute the doing of business in this state." *Gen. Fire Extinguisher Co. v. Nw. Auto Supply Co.*, 65 Mont. 371, 378, 211 P. 308, 310 (1922) (emphasis added); *see also Greene Plumbing & Heating Co. v. Morris*, 144 Mont. 234, 244, 395 P.2d 252 (1964). However, as the District Court noted, such cases interpreted the term "doing business" as applied to out-of-state corporations, not corporations registered in, and conducting business within, Montana. Thus, we agree with the District Court's conclusion that Big Sky's reliance on such cases is misplaced.

¶14    With respect to the MCPA's venue provision, this Court has not determined which acts are sufficient to constitute "doing business" in a Montana county, when a transaction occurs between a Montana consumer, located in one county, and a corporation registered in, and having its principal place of business, in another Montana county. However, at least one other state has interpreted a similar venue statute and determined that "a single transaction is sufficient to establish venue if it forms the basis of the lawsuit." *State v. Life Partners, Inc.*, 243 S.W.3d 236, 240 (Tex. App. 2007) (citing *Legal Sec. Life Ins. Co. v. Trevino*, 605 S.W.2d 857 (Tex. 1980)) (interpreting the Texas Deceptive Trade Practices-Consumer Protection Act's "has done business" venue clause). In this case, the transaction at issue involved the agreement of Big Sky and Stevenson that the trailer be delivered to Chouteau County. Since there is sufficient evidence to show that Big Sky entered into a sales contract with Stevenson, a Chouteau County resident, and, pursuant

7

to the contract, delivered the purchased good to Stevenson there, we conclude that the District Court did not err in determining that venue was proper in Chouteau County.

¶15 Based on the foregoing, we conclude that the District Court did not err in concluding that it had subject matter jurisdiction over this matter and that venue was proper in Chouteau County.

## CONCLUSION

¶16 For the foregoing reasons, we affirm.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE