FILED

11/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0009

DA 17-0009

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 270

DANA ROLAN, own her own behalf and
on behalf of the class she represents,

        Plaintiffs and Appellants,

  v.

NEW WEST HEALTH SERVICES,

        Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
                     In and For the County of Lewis and Clark, Cause No. CDV 2010-91
                     Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Erik B. Thueson, Thueson Law Office, Helena, Montana

        For Appellee:

                Robert C. Lukes, Emma L. Mediak, Garlington, Lohn & Robinson PLLP,
                Missoula, Montana

Submitted on Briefs: August 2, 2017

Decided: November 7, 2017

Filed:

_____
                     Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Dana Rolan and the class she represents appeal from the order of the First Judicial District Court, Lewis and Clark County, granting New West Health Service's (New West) motion for summary judgment. Finding the issue stated below dispositive we decline to address the additional issues raised by the parties. We reverse and remand for further proceedings.

¶2 We restate the issue on appeal as follows:

*Whether the District Court abused its discretion by granting New West leave to amend its answer to assert ERISA preemption.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Dana Rolan (Rolan) was injured in a vehicular collision on November 16, 2007, and sustained serious injury, resulting in medical expenses totaling approximately $120,000. Rolan carried health insurance through New West. The tortfeasor who caused the accident carried liability insurance through Unitrin Services Group (Unitrin). Unitrin accepted legal responsibility and paid approximately $100,000 of Rolan's medical bills.

¶4 On January 26, 2010, Rolan filed a complaint against New West alleging individual and class claims for breach of contract, violation of made-whole rights, and unfair claims settlement practices under §§ 33-18-201, MCA, et seq. Rolan sought compensatory and punitive damages. During a deposition, New West's representative affirmatively stated that Rolan's plan was "not a properly constituted ERISA plan."

2

Relying on such representation, Rolan proceeded with her claims and class claims based solely on state law.

¶5      Rolan sought to certify a class under M. R. Civ. P. 23(b)(2) for declaratory and injunctive relief arising from the claims for breach of contract and violation of made-whole rights.  Rolan's class certification was based on the systematic practices by New West to avoid paying medical bills for an insured when a liability carrier was available to pay medical bills as part of tort damages.  On April 25, 2012, the District Court granted class certification.  Maintaining that Rolan's claims were based solely on state law claims, New West proceeded to appeal to this Court Rolan's class certification.  We upheld the class certification in *Rolan v. New West Health Servs.*, 2013 MT 220, 371 Mont. 228, 307 P.3d 291.

¶6      On October 24, 2013, New West moved to amend its answer alleging the policy was an Employee Retirement Income Security Act (ERISA) policy and that all state law claims were preempted by federal law.  Rolan opposed New West's motion to amend.  The District Court allowed New West to amend its answer to include the affirmative defense of ERISA preemption.  The District Court reasoned, "[i]f federal law does in fact preempt state law resolution of this case, the ends of justice would not be served by denying the motion to amend."  The District Court granted Rolan attorney fees for time spent addressing New West's abandoned defenses.  Following the District Court's order allowing New West to amend, New West moved for summary judgment.

¶7      On May 6, 2015, the District Court granted New West's motion for summary judgment holding that Rolan's policy was subject to ERISA and thus her original state

3

law claims were preempted. However, the District Court allowed Rolan to amend her complaint to include ERISA claims. On June 1, 2015, Rolan amended her complaint to include both state law and ERISA claims. New West then removed the case to federal court.

¶8 On February 29, 2016, the federal court remanded the case back to state court. The federal court determined that New West's removal was untimely. Judge Lovell cited several causes for the delay in removal; one cause was: "New West's inexplicable confusion over whether its own plan was or was not an ERISA plan." Nevertheless, the federal court concluded that the state court had concurrent jurisdiction over Rolan's ERISA 502(a)(1) claims and therefore Rolan may proceed with her ERISA claims in state court.

¶9 Following remand, Rolan filed a motion requesting the District Court to resolve all matters regarding ERISA preemption. New West moved for summary judgment asserting ERISA preemption requires dismissal of Rolan's state law and ERISA claims. On December 7, 2016, the District Court granted New West's motion for summary judgment and denied Rolan's motion. The District Court again dismissed Rolan's argument that New West waived the affirmative defense of ERISA preemption. Further, the District Court determined that complete preemption under § 502 of ERISA was proper and thus barred any state law claims asserted by Rolan.

## STANDARDS OF REVIEW

¶10 We review the district court's decision to amend for an abuse of discretion. *Lindey's v. Professional Consultants*, 244 Mont. 238, 242, 797 P.2d 920, 923 (1990). "A

4

district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or in excess of the bounds of reason resulting in substantial injustice." *Kershaw v. Mont. Dept. of Transp.*, 2011 MT 170, ¶ 11, 361 Mont. 215, 257 P.3d 358 (citation omitted).

## DISCUSSION

¶11 *Whether the District Court abused its discretion by granting New West leave to amend its answer to assert ERISA preemption.*

¶12 Rolan argues on appeal that the District Court abused its discretion in granting New West's motion to amend its answer. Specifically, Rolan maintains that ERISA preemption is an affirmative defense and should have been pled in the answer.

¶13 New West counters that the District Court did not err by allowing leave to amend because leave should be freely given "when justice so requires." M. R. Civ. P. 15(a)(2). New West contends that there was no evidence of bad faith, intentional delay, or dilatory motive by New West; therefore, leave to amend was proper.

¶14 Montana Rule of Civil Procedure 8(c) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." The rationale for requiring these defenses be affirmatively pled are the underlying principles of fairness and notice. *Weaver v. State*, 2013 MT 247, ¶ 35, 371 Mont. 476, 310 P.3d 495. We have previously held that ERISA preemption is an affirmative defense and thus is waivable if not timely raised pursuant to M. R. Civ. P. 8(c). *Winslow v. Mont. Rail Link, Inc.*, 2005 MT 217, ¶¶ 37-38, 328 Mont. 260, 121 P.3d 506; *Rimrock Chrysler, Inc., v. DOJ*, 2016 MT 165, ¶ 29, 384 Mont. 76, 375 P.3d 392 (citing *Wolf v. Reliance Std. Life Ins.*, 71 F.3d

5

444, 449 (1st Cir. 1995)). However, Rule 8(c) is not absolute; a district court may allow a defendant to amend its answer to include an affirmative defense pursuant to M. R. Civ. P. 15. *Keller v. Dooling*, 248 Mont. 535, 542, 813 P.2d 437, 441 (1991).

¶15 Montana Rules of Civil Procedure 15(a) provides "a party may amend its pleading only with the opposing party's written consent or court's leave. The court should freely give leave when justice so requires." However, "this does not mean that a court must automatically grant a motion to amend." *Kershaw*, ¶ 25. We have articulated circumstances justifying a court's denial of a motion to amend. Such situations include when the denial is "for an apparent reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of the amendment, etc." *Bitterroot Int'l Sys. v. Western Star Trucks, Inc.*, 2007 MT 48, ¶ 50, 336 Mont. 145, 153 P.3d 627 (quoting *Lindey's*, 244 Mont. 238, 242, 797 P.2d 920, 923).

¶16 In determining whether an amendment would cause undue prejudice, a court should balance the prejudice suffered by the opposing party "against the sufficiency of the moving party's justification of the delay." *Farmers Coop. Ass'n v. Amsden, LLC*, 2007 MT 286, ¶ 14, 339 Mont. 445, 171 P.3d 690. We previously have concluded undue prejudice exists when the opposing party already had expended "substantial effort and expense" in the course of the dispute that "would be wasted" if the moving party were allowed to proceed on a new legal theory. *Eagle Ridge Ranch v. Park County*, 283 Mont. 62, 68-69, 938 P.2d 1342, 1346 (1997).

¶17 Initially, the District Court failed to conduct an inquiry into whether Rolan and the class she represents would be prejudiced. The District Court failed to determine if undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, or futility of the amendment existed. The District Court's reasoning was as follows:

> "[t]he Court is sensitive to Rolan's arguments regarding the effects of allowing amendment at this stage. However, the briefing before the Court does not directly address the question of whether ERISA in fact preempts federal law. If federal law does in fact preempt state law resolution of this case, the ends of justice would not be served by denying the motion to amend."

Clearly, the District Court allowed amendment purely because the defense would apply.

¶18 We have upheld a District Court's denial to amend to include an affirmative defense, even if such defense could apply. *See, e.g., Bitterroot*, ¶ 54; *Cullen v. Western Mortgage & Warranty Title Co.*, 47 Mont. 513, 530, 134 P. 302, 307 (1913); *Meadow Lake Estates Homeowners Ass'n v. Shoemaker*, 2008 MT 41, ¶¶ 30-31, 341 Mont. 345, 178 P.3d 81; *Peuse v. Malkuch*, 275 Mont. 221, 228, 911 P.2d 1153, 1157 (1996). If we allowed amending an answer any time an affirmative defense applied it would effectively eliminate M. R. Civ. P. 8(c). A district court should freely allow a party to amend its pleadings; however, leave to amend should not be automatically given. Thus, the District Court should have inquired as to whether Rolan would suffer prejudice from the amendment.

7

¶19 We have upheld a district court's denial of motion for leave to amend if extraordinary circumstances are present. In *Peuse*, we recognized that a party's prolonged delay in adopting a new legal theory is prejudicial to the opposing party, particularly when a party waits until after the opposing party files a motion for summary judgment. *Peuse,* 275 Mont. at 228, 911 P.2d at 1157. In affirming the district court's denial of the defendants' motion, we noted the two-year delay and explained that if the district court were to have granted the defendants' motion, the plaintiff would have been "prejudiced since his [summary judgment] motion was based on the original pleadings which remained unchanged for almost two years." *Peuse*, 275 Mont. at 227, 911 P.2d at 1157. Further, we noted that new counsel does not excuse an inopportune request for amendment when those defenses were available to original counsel. *Peuse*, 275 Mont. at 227, 911 P.2d at 1156. We concluded that "[l]itigants should be allowed to change legal theories after a motion for summary judgment has been filed only in extraordinary cases." *Peuse*, 275 Mont. at 228, 911 P.2d at 1157.

¶20 We later affirmed *Peuse* in *Bitterroot Int'l Sys. v. Western Star Trucks, Inc.*, ¶¶-52-54. We recognized that a district court should balance the alleged prejudice to the opposing party against the rationale of the party seeking leave to amend. We noted that Western Star's oversight justification in seeking leave to amend did not outweigh Bitterroot's prejudice against the amendment which would have occurred after a five-year delay, the close of discovery, and within three months of trial. *Bitterroot*, ¶¶ 51-53. Further, Western Star attempted to minimize its oversight by stating that Bitterroot should have known such a defense was likely. We were unpersuaded, stating,

8

"Western's counsel fails to explain adequately, however, how such an obvious defense escaped its attention for nearly five years." *Bitterroot*, ¶ 53. In concluding the district court properly denied Western Star's motion to amend, we determined that allowing Western Star to amend under these circumstances "would render Rule 8(c)'s purpose of providing adequate notice of affirmative defenses to the plaintiff a nullity." *Bitterroot*, ¶ 54.

¶21 There are no extraordinary circumstances in this case that would warrant granting New West's motion to amend. Rolan and the class argued that they would be substantially prejudiced by allowing New West to amend its answer to include the affirmative defense of ERISA preemption. Rolan and the class cite to three specific reasons prejudice would occur: (1) the length of the delay, (2) the parties have conducted extensive discovery, and (3) the case has already been appealed to the Montana Supreme Court for class certification based on state law claims. Conversely, New West has not offered any reasonable justification for the delay. New West has not sufficiently explained why it failed to assert ERISA preemption in its original answer, why its own representative in a deposition substantiated that ERISA did not apply, or why it proceeded based upon state law claims for nearly three and a half years. The facts of this case are akin to *Peuse* and *Bitterroot*, in which we affirmed the district courts' denial of leave to amend. Nevertheless, the District Court determined that New West should be able to amend its pleading.

¶22 Although length of delay and stage of the proceedings are crucial factors, alone they may not warrant denying the amendment. However, had the District Court

9

conducted a proper inquiry into undue prejudice, we conclude the class certification would have been the dispositive issue. Rolan and the class were certified as a class based only on state law claims. Allowing New West to amend to include ERISA preemption would effectively destroy the class. As a class, they shared a common question of law or fact. Specifically, Rolan and her class alleged New West had systematically violated their state law made-whole rights. New West's amendment could de-certify the class, forcing Rolan and the class to either seek re-certification based on ERISA claims or proceed alone, ten years after Rolan's injury and more than seven years after she filed suit. The District Court failed to consider the effect of the amendment on the class. We conclude that Rolan and the class she represents would be unduly prejudiced by allowing New West to amend.

¶23 Rolan and the class she represents already had expended substantial effort and expense, including an appeal to this Court in the course of the dispute, that was wasted when New West was allowed to proceed on a new legal theory. Therefore, Rolan's showing of undue prejudice to her and the class combined with the New West's failure to reasonably justify the delay should have led the District Court to deny leave to amend.

¶24 Thus, we conclude the District Court exceeded the bounds of reason resulting in substantial injustice to Rolan. We recognize that district courts should freely grant leave to amend; however, based on the District Court's inadequate inquiry and the extraordinary circumstances of this case, we conclude that the District Court abused its discretion by granting New West leave to amend.

¶25 Reversed and remanded.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

Justice Laurie McKinnon, dissenting.

¶26 I dissent from the Court's conclusion that the District Court "exceeded the bounds of reason resulting in substantial injustice to Rolan" when it allowed New West leave to amend its answer to assert federal preemption. Opinion, ¶ 24. We have repeatedly held that leave to amend should be freely granted when justice requires unless the moving party is guilty of undue delay, bad faith, or a dilatory motive. *Aldrich & Co. v. Ellis*, 2002 MT 177, ¶ 27, 311 Mont. 1, 52 P.3d 388. There was no evidence of intentional delay, bad faith, or a dilatory motive on the part of New West. Further, the District Court took efforts to alleviate any prejudice to Rolan as a result of the amendment. Here, the District Court concluded that the "ends of justice would not be served by denying the motion to amend." The District Court recognized that the application of state subrogation statutes and doctrine to federal ERISA benefit plans was incorrect as a matter of law. The court appreciated that applying the wrong law to the parties' disputes would not advance proper resolution of their underlying claims nor further the ends of justice.

11

Clearly, the District Court believed those considerations deserved more weight in the analysis and that New West's leave to amend should prevail over Rolan's objection.

¶27 The District Court was in a very difficult position, as clearly factors weighed in favor of both granting and denying leave to amend. I do not think it as clear and one-sided as the Court opines and, under the present circumstances, the rule of deference to the trial court should prevail. Accordingly, I dissent from the Court's decision finding the District Court abused its discretion by granting New West leave to amend. I would address the merits of the controversy.

/S/ LAURIE McKINNON