Chief Justice Mike McGrath delivered the Opinion of the Court.
***334 ¶1 Defendant, Nan L. Stevenson, appeals from a Twelfth Judicial District order denying her motion to amend her answer, third-party complaint, and counterclaim, and the judgment entered in favor of third-party defendant, Big Sky RV, Inc.[1] We reverse.
¶2 This Court restates the issues on appeal as follows:
1. Whether the District Court abused its discretion by denying Stevenson's motion to amend her third-party complaint.
2. Whether the District Court erroneously entered a judgment in favor of Big Sky RV.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 On July 31, 2014, Nan L. Stevenson (Stevenson) contracted with Big Sky RV in Billings, Montana, to buy a new Jayco 2014 Eagle Premier 375BHFS (fifth-wheel) for $72,595.00. After trade-in and a down payment, she financed the balance through Ally Financial, Inc. (Ally). Big Sky RV assigned the contract to Ally. The contract required Stevenson to pay Ally 180 monthly payments of $378.74. Big Sky RV delivered the fifth-wheel to Stevenson in Fort Benton, Montana, at the end of August 2014.
¶4 On October 3, 2014, Stevenson took the fifth-wheel to RV City, a Jayco Dealership in Huachuca City, Arizona, after experiencing two tire blowouts while driving at highway speeds. Less than two months after Big Sky RV delivered the fifth-wheel to Stevenson, the fifth-wheel required repairs that took more than seven months. RV City's customer work order detailed forty-one separate mechanical, structural, and aesthetic defects wrong with the fifth-wheel, including that its tires were not highway worthy. RV City completed the repairs on May 13, 2015, and returned the fifth-wheel to Stevenson in Fort ***335 Benton, Montana.
¶5 Following numerous exchanges between the parties, Stevenson stopped making payments to Ally in April 2015. On November 9, 2015, Ally filed a complaint in District Court seeking possession of the fifth-wheel based on Stevenson's default under the terms of the contract. Stevenson answered Ally's complaint, and filed counterclaims against Ally and third-party claims against Big Sky RV and its officer Donavon Frederickson. Specifically, Stevenson claimed: (1) breach of contract and violation of duty of good faith and fair dealing, (2) negligence, (3) violation of the Montana Consumer Protection Act, and sought punitive damages against Big Sky RV. Stevenson then incorporated these claims against Ally as Big Sky RV's principal. Ally filed a cross-claim against Big Sky RV for indemnification.
*525 ¶6 On February 29, 2016, Big Sky RV moved for judgment on the pleadings. On February 16, 2017, almost one year later, the District Court denied the motion. On March 9, 2017, Big Sky RV filed an interlocutory appeal contesting the District Court's rulings on venue and subject matter jurisdiction. See Ally Fin., Inc. v. Stevenson , 2017 MT 190, 388 Mont. 246, 399 P.3d 899. On April 13, 2017, while Big Sky RV's interlocutory appeal was still pending, Ally moved for summary judgment. Stevenson and Big Sky RV both opposed. By May 19, 2017, Ally's motion was fully briefed and awaiting the District Court's ruling. On August 8, 2017, this Court affirmed the District Court's rulings on venue and subject matter jurisdiction. See Ally Fin., Inc. , ¶ 15.
¶7 On February 7, 2018, co-counsel for Stevenson filed an appearance. On February 15, 2018, before the District Court ruled on Ally's motion for summary judgment, Stevenson moved to amend her pleading. Her motion was within the September 11, 2018 deadline for filing pre-trial motions set by the scheduling order. Specifically, Stevenson sought to: (1) remove Donovan Frederickson as a third-party defendant, (2) clarify her general allegations of fact common to all counts, (3) dismiss all claims against Ally, except breach of contract, and (4) add a fifth claim against Big Sky RV for misrepresentation.
¶8 On March 9, 2018, eleven months after Ally moved for summary judgment, the District Court issued an order denying Stevenson's motion to amend her pleadings and an order partially granting Ally's motion for summary judgment. Left undecided was Ally's claim for indemnification against Big Sky RV. The District Court reasoned that amendment would unduly prejudice Ally and Big Sky RV and that Stevenson's misrepresentation claim was futile because "Stevenson [had] not provided any information, other than the allegations recited in her initial complaint that the RV required extensive repairs."
***336 ¶9 Big Sky RV never filed a motion for summary judgment. Nevertheless, on March 20, 2018, Big Sky RV and Donavon Frederickson moved for entry of judgment on Stevenson's third-party claims based on the District Court's partial summary judgment order in favor of Ally. On March 23, 2018, Stevenson filed a brief in response to the motion. On April 2, 2018, the District Court entered judgment in favor of Big Sky RV and Donavon Frederickson. Stevenson appeals the District Court's entry of judgment in favor of Big Sky RV and the order denying her motion to amend. Stevenson is not appealing the summary judgment order in favor of Ally.
STANDARD OF REVIEW
¶10 A district court has discretion to grant or deny a motion to amend a pleading. This Court reviews a district court's decision to amend for an abuse of discretion. Farmers Coop. Ass'n v. Amsden , LLC, 2007 MT 286, ¶ 12, 339 Mont. 445, 171 P.3d 690.
DISCUSSION
¶11 1. Whether the District Court abused its discretion by denying Stevenson's motion to amend her third-party complaint.
¶12 The District Court denied Stevenson leave to amend, concluding that the proposed amendment unduly prejudiced Ally and Big Sky RV and that Stevenson's amendment was futile. The District Court concluded that Ally and Big Sky RV would be unduly prejudiced because Stevenson's amendment introduced a new legal theory, over two years had passed since Stevenson's original pleading, and Stevenson moved to amend after Ally moved for summary judgment.
¶13 M. R. Civ. P. 15(a)(2) allows a party to amend its pleading by leave of court, and is "freely give[n] ... when justice so requires." "Refusal to permit an amendment to a complaint which should be made in the furtherance of justice is an abuse of discretion." Haugen Trust v. Warner , 204 Mont. 508, 513, 665 P.2d 1132, 1135 (1983). While Rule 15(a)(2) does not mean a district court automatically must grant a motion to amend, the Rule is "to be interpreted liberally so that allowance of amendments [is] the general rule and denial is the exception."
*526 Allison v. Town of Clyde Park , 2000 MT 267, ¶ 20, 302 Mont. 55, 11 P.3d 544. A district court may properly deny a motion to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of the amendment, etc." Farmers Coop. Ass'n , ¶ 12 (citing ***337 Bitterroot Int'l Sys. v. Western Star Trucks, Inc. , 2007 MT 48, ¶ 50, 336 Mont. 145, 153 P.3d 627 ).
¶14 "In determining whether an amendment would cause undue prejudice, a court should balance the prejudice suffered by the opposing party 'against the sufficiency of the moving party's justification of the delay.' " Rolan v. New W. Health Servs. , 2017 MT 270, ¶ 16, 389 Mont. 228, 405 P.3d 65 (citing Farmers Coop. Ass'n , ¶ 14 ).
¶15 This Court has considered the following factors in finding undue prejudice: the length of delay between the original pleading and the motion for amendment ( Bitterroot Int'l Sys. , ¶ 54 ); the stage of the proceedings ( Bitterroot Int'l Sys. , ¶ 47, Rolan , ¶ 22 ); whether the opposing party has sufficient notice of the amended claims in anticipation of trial ( Allison , ¶ 22, Farmer's Coop. Ass'n , ¶ 18, Bitterroot Int'l Sys. , ¶ 51 ); whether the opposing party already filed for summary judgment ( Peuse v. Malkuch , 275 Mont. 221, 228, 911 P.2d 1153, 1157 (1996) ); and whether the amendment articulates a new legal theory ( Farmer's Coop. Ass'n , ¶ 16, Rolan , ¶¶ 22-23 ). When an amended pleading presents a new legal theory, the test for undue prejudice is whether the opposing party expended "substantial effort and expense that would be wasted if the new theory was allowed." Farmers Coop. Ass'n , ¶ 14. Prolonged delay and the stage of proceeding alone do not warrant denial. Rolan , ¶ 22. The key is whether the party's efforts and expenses are wasted in allowing the new legal theory to proceed. Farmers Coop. Ass'n , ¶ 14 ; Rolan , ¶¶ 22-23.
¶16 A district court balances undue prejudice against the sufficiency of the amending party's rationale. Rolan , ¶ 16 ; Farmers Coop. Ass'n , ¶ 14. This Court has held that the presence of a new lawyer ( Peuse , 275 Mont. at 227, 911 P.2d at 1156 ), poor wording ( Farmers Coop. Ass'n , ¶ 17 ), strategic withholding ( Kershaw v. Mont. DOT , 2011 MT 170, ¶ 28, 361 Mont. 215, 257 P.3d 358 ), and "oversight" ( Bitterroot Int'l Sys. , ¶ 53 ) are not reasonable or meaningful justifications for amendment against a strong finding of undue prejudice. However, consistent with M. R. Civ. P. 15(a)(2), "leave of court to amend a complaint in order to correct a mistake should be freely given when the amendment will not mislead defendants to their prejudice," especially when the amendment does not introduce a new legal theory. Haugen Trust , 204 Mont. at 512, 665 P.2d at 1134. Where an opposing party has already filed for summary judgment, the court grants leave only for extraordinary circumstances. Peuse , 275 Mont. at 228, 911 P.2d at 1157.
¶17 While the District Court held that allowing Stevenson's new theory to proceed would cause Big Sky RV to waste the effort and money it spent leading up to Stevenson's motion to amend, Stevenson's ***338 claims against Big Sky RV for misrepresentation, breach of contract and violation of duty of good faith and fair dealing, and deception in violation of the Montana Consumer Protection Act, § 30-14-101, MCA, are each supported by the same factual allegations and legal underpinnings. Stevenson's complaint alleged that Big Sky RV gave her a tour of the showroom version of the fifth-wheel at issue, that Big Sky RV represented it would sell her the same fifth-wheel but "brand new," and that Big Sky RV sold her a fifth-wheel that was not "brand new." Stevenson attached the work order from RV City, Inc. to support her claims. It detailed forty-one repairs required by the fifth-wheel just two months after purchase. She further alleged that the fifth-wheel's tires were not highway worthy, resulting in two tire blowouts at highway speeds. While these facts supported her original claims against Big Sky RV, they sufficiently support her claims for misrepresentation as well. Because Stevenson's amended third-party complaint does not differ substantially from the claims in her original complaint, allowing amendment would not cause Big Sky RV to waste the money and *527 effort it has spent at this stage in the proceeding. Similarly, Big Sky RV had notice, as misrepresentation is conceptually enshrined within the allegations of Stevenson's breach of contract and Montana Consumer Protection Act claims.
¶18 The District Court determined that amendment unduly prejudiced Big Sky RV because more than two years had passed since Stevenson's original pleading. However, this Court has ruled that prolonged delay alone does not warrant denial, especially when the delay is not undue. See Rolan , ¶ 22. The delay in this litigation is not attributable to Stevenson. Rather, Big Sky RV filed an interlocutory appeal contesting venue and subject matter jurisdiction. Further, the District Court took eleven months to grant Ally's motion for summary judgment. Big Sky RV is not prejudiced simply because the proceeding has taken over two years. The motion was filed prior to the deadline given by the District Court for pre-trial motions. The issue is whether amendment would have caused Big Sky RV to waste the resources it spent over that delay to its prejudice. We conclude it would not.
¶19 Moreover, Big Sky RV is not prejudiced because Stevenson moved to amend after Ally filed a motion for summary judgment. Undue prejudice toward Ally is not at issue. Ally does not appeal, nor does Stevenson appeal the District Court's grant of summary judgment to Ally. Significantly, Big Sky RV never moved for summary judgment. In fact, Big Sky RV opposed Ally's motion for summary judgment. Big Sky RV cannot claim prejudice when it did not file a motion for summary judgment.
***339 ¶20 Big Sky RV further contends that Stevenson's only justification in amending her complaint is that her new counsel noticed claims overlooked by her previous counsel. However, we conclude that Stevenson's motion to amend is reasonably justified. The amendment would simplify and clarify the facts, claims, and parties before the District Court. In addition to adding the misrepresentation claim against Big Sky RV, Stevenson's amended pleading dismissed three claims against Ally and removed Donovan Frederickson as a third-party defendant.
¶21 In addition to undue prejudice, courts properly deny leave to amend for futility or legal insufficiency to support the requested relief. Hobble-Diamond Cattle Co. v. Triangle Irrigation Co. , 249 Mont. 322, 325, 815 P.2d 1153, 1155-56 (1991). However, "it is an abuse of discretion to deny leave to amend" when the facts asserted in the proposed amendment potentially entitle the pleader to the relief sought. Hobble-Diamond Cattle Co. , 249 Mont. at 325, 815 P.2d at 1155-56.
¶22 There is nothing in the record at this stage of the proceeding that supports the District Court's conclusion that the proposed amendment was futile. Moreover, as noted above, the facts and allegations in Stevenson's original pleading sufficiently support her amended pleading. Contrary to the District Court's reasoning, she does not need to allege new facts evidencing misrepresentation when the original pleading already contains them.
¶23 The District Court abused its discretion by denying Stevenson leave to amend the third-party complaint. M. R. Civ. P. 15(a)(2).
¶24 2. Whether the District Court erroneously entered a judgment in favor of Big Sky RV.
¶25 Big Sky RV did not file a motion for summary judgment, Ally did. In fact, Big Sky RV opposed Ally's motion. The District Court did not grant summary judgment to Big Sky RV. The order granted partial summary judgment to Ally. The District Court erroneously entered a judgment in Big Sky RV's favor. The judgment is vacated.
CONCLUSION
¶26 The District Court abused its discretion by denying Stevenson leave to amend her pleadings. The District Court erred by entering a judgment in favor of Big Sky RV.
¶27 Reversed and remanded for further proceedings consistent with this Opinion.
We Concur:
JAMES JEREMIAH SHEA, J.
BETH BAKER, J.
LAURIE McKINNON, J.
DIRK M. SANDEFUR, J.

Ally Financial, Inc. obtained a partial summary judgment from the District Court. Appellant has not challenged the partial summary judgment granted to Ally and Ally has not joined as an appellee in this proceeding.