FILED

02/17/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0382

DA 25-0382

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 27N

REX ALLEN,

      Plaintiff and Appellant,

  v.

LISA KAUFFMAN,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-24-155
Honorable Tara J. Elliott, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Rex Allen, Self-Represented, Eloy, Arizona

      For Appellee:

          Michael Black, Sarah Mazanec, Risk Management and Tort Defense
Division, Helena, Montana

Submitted on Briefs:  December 24, 2025

Decided:  February 17, 2026

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In December of 2016 Rex Allen was charged with felony partner or family member assault (PFMA) in Missoula County. Lisa Kauffman was appointed to represent Allen. One of the offenses used to enhance the PFMA charge to a felony was a 2012 Georgia conviction that Allen contended did not qualify as a predicate offense for enhancement purposes. Allen pled guilty to the felony PFMA charge and was sentenced to three years Montana State Prison (MSP) and required to register as a violent offender. In December 2020, Allen was arrested and charged in Yellowstone County with parole violations and with failure to register as a violent offender. He was appointed a public defender who challenged the failure to register as a violent offender charge on the basis that the 2012 Georgia conviction did not qualify as a predicate offense for the felony PFMA charge to which Allen pled guilty in Missoula County. On June 16, 2021, the Yellowstone County District Court agreed that the Georgia conviction did not qualify as a predicate offense and dismissed the failure to register charge. On August 20, 2021, the Missoula County District Court reduced Allen's felony PFMA conviction to a misdemeanor.

¶3 On February 14, 2024, Allen sued Kauffman for legal malpractice as well as alleged violations of Art. II, §§ 4, 10, 11, 17, 21, 22, and 25 of the Montana Constitution. On

2

January 8, 2025, before Kauffman had answered or appeared in the case, Allen moved for leave to amend his Complaint to name an investigator with the Office of Public Defender as a defendant in the case. The District Court did not rule on Allen's motion to amend. On April 16, 2025, Kauffman moved to dismiss Allen's Complaint as time barred pursuant to § 27-2-206, MCA. Without receiving a response from Allen, the District Court granted the motion to dismiss five days later, on April 21, 2025. The District Court obviously erred by granting Kauffman's motion to dismiss before the time for Allen to respond had run. Nevertheless, we consider whether the District Court was correct in dismissing Allen's Complaint, notwithstanding the error.

¶4 Allen appeals the District Court's dismissal of his Complaint and its failure to rule on his motion for leave to amend the Complaint. A ruling under M. R. Civ. P. 12(b)(6) is a conclusion of law reviewed de novo for correctness. *Sinclair v. BNSF Ry. Co.*, 2008 MT 424, ¶ 25, 347 Mont. 395, 200 P.3d 46. Under Rule 12(b)(6), the court must take all well-pled factual assertions as true and draw all reasonable inferences in favor of the non-moving party. *Anderson v. ReconTrust Co., N.A.*, 2017 MT 313, ¶ 8, 390 Mont. 12, 407 P.3d 692. Dismissal is proper where it is clear from the face of the complaint that the plaintiff can prove no set of facts that would entitle him to relief. *Lundeen v. Lake Cnty.*, 2024 MT 120, ¶ 10, 416 Mont. 539, 571 P.3d 995. A district court's decision on a motion to amend a pleading under M. R. Civ. P. 15(a) is reviewed for abuse of discretion. *Ally Fin., Inc. v. Stevenson*, 2018 MT 278, ¶ 10,

3

393 Mont. 332, 430 P.3d 522 (citing *Farmers Coop. Ass'n v. Amsden, LLC*, 2007 MT 286, ¶ 12, 339 Mont. 445, 171 P.3d 690).

¶5      In *Ereth v. Cascade Cnty.*, 2003 MT 328, ¶ 26, 318 Mont. 355, 81 P.3d 463, we held that "a criminal defendant must file a [legal] malpractice complaint within three years of discovering the act, error or omission" that provides the basis for the claim.  Kauffman asserts that "it is clear from the face of the complaint that Allen knew of Kauffman's alleged negligent acts when he pled guilty to felony PFMA in 2017."  Kauffman asserts: "It is dispositive that Allen knew that his Georgia conviction was used as a predicate offense by September 12, 2017 and that he believed it to be an improper basis to enhance the PFMA charges."  Kauffman specifically relies on paragraphs 43 and 44 of Allen's Complaint, which Kauffman excerpts in her response brief as follows:

> Kauffman while investigating [Plaintiff's] criminal history never applied the preponderance-of-the-evidence standard to establish the fact of (2) two prior convictions.
>
> .   .   .
>
> Kauffman never challenged or argued this fact <u>against [Plaintiff's] wishes</u> and care of duty owed to [Plaintiff].

(Emphasis supplied by Appellee).  But Kauffman cuts off her excerpt of paragraph 44 midsentence, just before an important allegation.  The complete paragraph reads as follows: "Kauffman never challenged or argued this fact against [Plaintiff's] wishes and care of duty owed to [Plaintiff], *all while assuring [Plaintiff] he was correctly charged* without any true investigation of her own."  (Emphasis added.)

¶6    In *Est. of Watkins v. Hedman, Hileman & Lacosta*, 2004 MT 143, ¶ 11, 321 Mont. 419, 91 P.3d 1264, the district court granted summary judgment in favor of a law firm in a legal malpractice case. The district court held that the client should have discovered the attorney's alleged negligence more than three years before the malpractice complaint was filed and the claim was therefore time barred. *Watkins*, ¶ 11. We reversed. We noted that there is a fiduciary relationship between an attorney and client and that "where a confidential relationship exists between the parties, failure to discover facts constituting a claim may be excused and the statute of limitations may be tolled." *Watkins*, ¶ 19 (internal quotation marks and brackets omitted). Noting that the attorney in that case had made representations to the client upon which she relied, we held:

> [The client's] mistake was in relying upon her attorney. However, that is not a mistake for which she should be punished. [The client] was entitled to trust her attorney as her fiduciary. To hold otherwise would ignore the nature of the fiduciary relationship between attorney and client.

*Watkins*, ¶ 21.

¶7    When determining whether to grant a motion to dismiss under Rule 12(b)(6), the court must take all well-pled factual assertions as true and draw all reasonable inferences in favor of the non-moving party. *Anderson,* ¶ 8. Whether Kauffman's alleged assurances to Allen that he was correctly charged are sufficient to toll the statute of limitations in a more fully developed record is an issue we do not address at this juncture because they are sufficient to withstand a motion to dismiss. The District Court erred by granting Kauffman's motion to dismiss.

5

¶8     Allen sought leave of the Court to amend his Complaint before Kauffman appeared in the case.  Because Allen had not previously amended his Complaint, he was entitled to amend it once as a matter of course without requiring leave of the court. M. R. Civ. P. 15(a).  As a self-represented litigant, it is not surprising that Allen did not realize he did not require the Court's leave to amend his Complaint and it may well be that because Allen did not require the Court's leave to file an Amended Complaint, the District Court did not deem it necessary to issue an order granting leave.  Nevertheless, because Allen could have amended his Complaint without the District Court's leave at the time that he sought to amend it, he should be allowed to amend it on remand.  Mont. R. Civ. P. 15(b) ("The court should freely give leave when justice so requires.").  We decline to speculate whether the party he seeks to add with this amendment may be subject to dismissal on other grounds.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's Order granting Kauffman's motion to dismiss is reversed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ INGRID GUSTAFSON
/S/ JIM RICE

6

Justice Laurie McKinnon, dissenting.

¶10    I would affirm the District Court's order dismissing this case, but upon a different rationale than that articulated by the parties, the trial court, or this Court. Indeed, we have seen several legal malpractice claims filed by Montana criminal defendants against their attorneys and none have been analyzed within the proper framework that has been considerably analyzed by our sister jurisdictions, although they are by no means uniform in their analysis or rationale. Accordingly, I briefly set forth that framework with the hope that future litigators will develop these arguments.

¶11    Legal malpractice is a common-law tort claim, and in the absence of relevant legislation, it is for the court to define a legally cognizable claim. The issue here is the triggering of the statute of limitations, which depends on when a person has discovered the requisite element of a negligence claim—harm to the plaintiff. Until a person is deemed to have been harmed, this element is missing, and a plaintiff has no claim that may be brought.

¶12    Here, there is a comprehensive legislative scheme that constitutes the substantive and procedural criminal law in Montana. The Legislature has statutorily provided the accused with counsel, bail, notice and arraignment, trial by jury, and required proof beyond a reasonable doubt. After conviction, the accused is entitled to counsel through sentencing, to a pre-sentence investigative report, and to allocution. Following sentencing, the accused is entitled to an appeal with counsel. After all direct reviews are exhausted, an accused is entitled to attack collaterally the conviction and sentence pursuant to Montana's

7

post-conviction review statutes on the grounds that there is new evidence, that they are actually innocent, or that they did not receive their constitutional right to the effective assistance of counsel. This legislative scheme reflects a chosen policy to treat any person of Montana to be validly convicted *until the person's conviction has been reversed*. This is a policy choice made by the Legislature which must be reflected in our decision as to when an accused is deemed to have been harmed for purposes of a legal malpractice action.

¶13     Thus, "[r]especting the legislature's comprehensive criminal justice construct means, at a minimum, that it is inappropriate to permit a person who has been convicted of a criminal offense to assert in the courts a claim for legal malpractice in connection with a conviction unless and until the person has challenged successfully the conviction through the direct appeal or post-conviction process . . . , or the person has otherwise been exonerated of the offense." *Stevens v. Bispham*, 851 P.2d 556, 561 (Or. 1993). The United States Supreme Court, in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), has set forth the boundaries of counsel's obligations in this specialized area of law with constitutional import. There are extensive legislative provisions and court precedent already in place to protect an accused's constitutional right to effective assistance of counsel. Further, to allow a litigant to relitigate a matter without having first overturned his conviction would upend settled judgments, and it would be most unusual to prosecute a legal malpractice action premised on a legal malpractice flaw while at the same time the person's conviction remained valid.

8

¶14 Very simply, requiring a successful post-conviction action before the legal malpractice action may be brought furthers the legislative scheme that constitutes substantive and procedural criminal law in Montana. This is true because criminal prosecutions involve constitutional and procedural safeguards designed to maintain the integrity of the judicial system, which make criminal malpractice actions unique. *See Carmel v. Lunney*, 511 N.E.2d 1126 (N.Y. 1987).

¶15 I would hold that, in order for an accused to bring a professional malpractice action, in addition to duty, breach, and causation, the party must demonstrate harm—which can only be demonstrated if the accused has been exonerated of the criminal offense. I realize this framework was not argued below or on appeal, but it is the proper framework upon which to develop precedent in this unique area of the law, with considerable guidance from other jurisdictions. Accordingly, I would affirm the District Court's dismissal of Allen's complaint as untimely because he has failed to make a prima facie showing of harm in that he has not been exonerated of the underlying criminal offense.

/S/ LAURIE McKINNON